## GILBERT *against* BULKLEY.

*A.* executed to *B.* a deed of land, with covenants of warranty and seisin; and *B.* without taking possession, or recording his deed, mortgaged the land to *C.*, who put his deed on record immediately. *B.* afterwards delivered up his deed unrecorded to *A.*, and took up the notes which he had given for the purchase money; after which, *A.* executed a deed of the same land to *D.*, containing the usual covenant of seisin. Held, that this covenant was broken at the execution of the deed.

The title to land, transferred, by a deed not recorded, does not revest in the grantor, by the surrender or destruction of such deed.

A verbal agreement, made at the delivery of a deed, that the grantee shall not take possession, nor record his deed, until he shall pay the first instalment of the purchase money, is inoperative.

Although the general rule of damages, in an action on the covenant of seisin in a deed, is the consideration paid and interest ; yet where the breach arises solely from a prior mortgage, the damages will be determined, by the amount due on such mortgage.

Fairfield,
June,
1824.

Gilbert
v.
Bulkley.

This was an action on the covenant of seisin in a deed, executed by the defendant and *Clara*, his wife, on the 24th of *April*, 1819, and seasonably recorded.

The cause was tried at *Danbury, September* term, 1823, before *Brainard*, J.

Previous to the 24th of *April*, 1819, the defendant and his wife had executed a deed of the same land, with covenants of warranty and seisin, to *Zachariah Dunscombe*; who mortgaged it to *David Dayton*. *Dunscombe* never took actual possession, and never recorded his deed ; but *Dayton* procured his deed to be recorded immediately. After this, and before the date of the deed to the plaintiff. *Dunscombe* delivered up to the defendant his deed unrecorded ; and his notes given for the consideration were cancelled. The defendant contended, that the plaintiff, being an innocent purchaser without notice, and having procured her deed to be seasonably recorded, and the deed to *Dunscombe* having never been recorded, the title was well vested in her ; and consequently, the covenants were not broken. The defendant, also, claimed, that at the time of the execution of the deed from the defendant and wife to *Dunscombe*, it was mutually agreed between them, that *Dunscombe* should not record his deed, nor take possession, until he had paid the first instalment of the purchase money. The plaintiff denied any such agreement between *Dunscombe* and the defendant ; contending further, that as the deed was in fact delivered, such verbal agreement would be inoperative. The judge instructed the jury, that the deed from the defendant and wife to *Dunscombe* took effect from delivery ; that no verbal agreement, made at the time, could be operative on the deed ; that when *Dunscombe* executed his mortgage deed to *Dayton*, although the deed to *Dunscombe* was not recorded, the title was in him ; that the redelivery, by *Dunscombe*, of the unrecorded deed, to the defendant, did not restore the title ; and that upon the undisputed facts of the case, the plaintiff was entitled to recover the consideration paid, with interest.

The jury returned a verdict for the plaintiff accordingly ; and

the defendant moved for a new trial, on the ground of a misdirection.

*Backus* and *Sherman*, in support of the motion.

*N. Smith*, contra.

HOSMER, Ch. J.   The first question in this case, is, whether the defendant and wife, at the execution of the deed to the plaintiff, were well seised of the premises.   The answer to the enquiry is so obviously clear and irresistible, that it can never admit of a doubt, unless the mind is first perplexed, by the adduction of irrelevant considerations.

The plaintiff's action is founded on the covenant of seisin, in which the defendant stipulated, that he and his wife *Clara*, at the execution of the deed, were well seised of the premises. Were they well seised?   Most unquestionably, they were not. They had, several months before, executed a deed of the land, with covenants of seisin and warranty, to one *Dunscombe;* and, by this act, deprived themselves of the seisin of the premises, so that their covenant was untrue, and broken instantaneously so soon as it was made.   Whether the plaintiff, by the omission of *Dunscombe* to record his deed, and by procuring his own to be recorded, had acquired a title as against *Dunscombe*, is a very irrelevant question   If, by facts *subsequent* to the delivery of his deed, he had, the position would not be the less true, that the defendant and wife were not seised at the execution of the deed to the plaintiff.   The plaintiff had right to the full benefit of his covenant; and is not obliged to enter into a legal controversy with *Dunscombe* or *Dayton*, in which he may be foiled, by proof, that at the date of his deed, he knew of the deed to *Dunscombe*.   The surrender of the deed to the defendant, is likewise a perfectly immaterial fact.   If by this act, the defendant had acquired title, it would have no bearing on the above question in this case, which, let it be remembered, is merely this, whether the defendant and wife, *at the execution of his deed to the plaintiff*, were well seised   But no title was thus acquired   The legal evidence of title was given up; but the title in *Dunscombe* remained.   Land once conveyed, cannot be retransferred, by a destruction of the conveyance; but a deed executed with all legal solemnities, is as requisite for this purpose, as if the evidence had not been destroyed.   *Botsford* v. *Morehouse* & al. 4 *Conn. Rep.* 550.   *Coe*

& al. v. *Turner &* ux. 5 *Conn. Rep.* 86. The verbal agreement, at the delivery of the deed to *Dunscombe*, was null, and of no legal effect.

In respect of the damages, it is a general rule, that the consideration is recoverable with interest; and this usually is just; but it may, and must admit of exceptions, where justice does not sanction the principle. The deed to *Dunscombe* was not recorded; of consequence, the plaintiff, unless he had knowledge of this deed, at the time of the conveyance to him, obtained a good title, by the registration of her deed. Now, what did the plaintiff know? Assuming that her knowledge was commensurate with those facts, which the exercise of common prudence and ordinary diligence must have apprised her of; the recorded deed to *Dayton* being sufficient to put her on enquiry; (*Sug. Vend.* 498. *Newland on Con.* 511.) she must be presumed to have known, that there was an incumbrance on the land in question; that the deed of *Dunscombe* was given up; that he could never substantiate any claim to the property; and that the equitable title was in the defendant, to which he could, at pleasure, superadd the legal title, by coercing a deed from *Dunscombe*. Subjecting the plaintiff, then, to the extent of her knowledge of the facts, she is injured only by the mortgage of *Dayton*; and, indeed, this is the only incumbrance on the title. The just damages to which she is entitled, is, the amount of the debt by mortgage, be that greater or less; and if that has been paid, the damage is nominal only.

A reconsideration of the point of damages renders it necessary that there should be a new trial.

PETERS, BRAINARD and BRISTOL, Js. were of the same opinion.

New trial to be granted.