LEWIS RUFNÉR, Plaintiff in Error, *v.* MURRAY MCCONNEL et al., Defendants in Error.

ERROR TO SCOTT.

A covenant by the grantors in a deed, " that their heirs, executors, and administrators will warrant and defend the title," is not a covenant that the grantors will personally defend; nor does it give a right of action against the grantors on the loss of the title.

The remedy on such a covenant is against the legal and personal representatives of the grantors; and if there was a mistake in preparing the deed, a court of equity may reform it, and if that is done, an action may be brought against the grantors on a breach of the covenant.

THIS was an action brought in the Scott Circuit Court, by Rufner against the defendants in error, on a plea of covenants broken, averring that the defendants with their wives, at the county of Scott, on the 29th day of August, 1842, executed a deed to one Stark Fielder, reciting it, (the covenant is stated in the opinion of the court,) which deed was duly acknowledged and recorded, and avers that Fielder and wife, on the 9th of October, 1845, executed a deed of the same land to Rufner, the plaintiff in error, which deed was also acknowledged and recorded; and that, on the 10th of July, 1847, William Richard-

son and others, as complainants, filed their bill on the chancery side of the court, against McConnel and the other grantors, and Stark Fielder and others, as defendants, to which they filed their respective answers to said bill; Stark Fielder, relying upon the deed from McConnel and others, pleaded that he was a purchaser for a valuable consideration, without notice, and as such prayed the protection of the court. At September term, 1850, a decree was entered, decreeing the sale of the said land, and that, in force of the decree, the said land was sold and conveyed to one William Thomas; and that the title to Fielder was not warranted and defended by McConnel, and the other grantors with him, but was by virtue of the paramount title asserted by Richardson and others, defeated, and that Rufner, as the grantee or assignee of the said Stark Fielder, has been wholly evicted and defeated, whereby an action hath accrued, &c. To this action by Rufner, McConnel and others filed a demurrer, which was sustained by the court.

From this decision of the Circuit Court of Scott county, at May term, 1852, WOODSON, Judge, presiding, Rufner sued out this writ of error.

The error assigned was the sustaining of the demurrer by the circuit court.

D. A. SMITH, for plaintiff in error.

M. McCONNEL, for defendants in error.

TREAT, C. J. The covenant in question reads thus: " The said Murray McConnel and Mary, his wife, and Holloway W. Vansyckle and Jane L., his wife, parties of the first part, hereby covenanting, that their heirs, executors, and administrators, will warrant and defend the title to the said premises, and every part thereof to him, the said party of the second part, his heirs and assigns forever, against the lawful claim or claims of all and every person or persons whatsoever, claiming, or to claim, the same, or any part thereof." The declaration sets forth an eviction under title paramount, and then avers that the grantors have not kept their covenant, to warrant and defend the title, but have broken the same. It is treated as a covenant on the part of the grantors, that they will personally warrant and defend the title. Such is not the tenor or legal effect of the covenant. It is not a covenant that the grantors will defend the title; but it is a covenant that the title shall be defended by their heirs, executors, and administrators. It does not give a right of action against the grantors on the loss of the title; but

it provides a remedy against their legal and personal representatives. It exempts the grantors from personal liability; but it binds their descendants, in respect of the estate that may be cast upon them. It is not like a covenant, that a person who is not a party to the deed shall warrant and defend the title. In such a case, upon the eviction of the grantee, and the failure of such third person to comply with the terms of the covenant, an action might be maintained against the grantor. It would be sustained on the familiar principle, that what a party undertakes shall be done by another, he must himself perform on the default of that other. But this case is essentially different. The covenant is, that the act shall be performed by parties who can have no legal existence during the life of the grantors. While the grantors survive, they can have neither heirs, nor executors or administrators. The covenant postpones the remedy for a failure of the title until the decease of the grantors, or one of them. Until such an event transpires, there is no party *in esse* who can be called on to avouch the title. This is the only construction that can be put on the covenant. It is, indeed, an unusual covenant; but that does not help the plaintiff. Parties are allowed to make their own contracts. The presumption is, that the grantors refused to become personally responsible for the failure of the title, but were willing to charge their estates in the hands of their legal and personal representatives; and that the grantee preferred to accept such a covenant, rather than have none at all. It may however be, that it was the real intention of the parties that the grantors should warrant and defend the title, and that a mistake was made in the preparation of the deed; but it is not competent for a court of law to hear proof of that intention, and rectify the mistake. If there was such a mistake, the plaintiff must apply to a court of equity, and have the deed reformed; and when that is done, he may bring an action against the grantors, and assign breaches on the covenant.

The judgment must be affirmed.

*Judgment affirmed.*

Trumbull, J., dissents.