RANSLER BAKER

*v.*

JAMES L. HUNT.

1. COVENANT FOR TITLE — *construction.* A deed of conveyance contained this covenant: that the grantors "for them—, heirs, executors and administrators, do covenant, grant, bargain and agree to and with the party of the second part, his heirs and assigns, that at the time," etc., they were well seized and had good right to convey. It was *held*, the word "them" should be read "themselves." It was the covenant of the grantors, and not of their heirs, etc.

2. SAME — *requisites of a covenant to bind heirs.* The words "heirs, executors and administrators" of the grantor, in such a covenant, are, under our statute, surplusage, and it is unnecessary to insert them in order to bind them, on the principle recognized by our statute, that the heir is bound for all demands against his ancestor to the extent of the real estate which he may inherit, whether they are manifested by covenants against the ancestor or otherwise.

3. SAME — *covenants of seizin and of good right to convey.* Covenants of seizin and of good right to convey, made by the grantor in a deed, are covenants *in presenti*, and if the covenantor had no title, they are broken so soon as made.

4. BURDEN OF PROOF — *in action on a covenant of seizin.* The burden of proof lies upon the defendant to show title in himself, in an action brought for a breach of the covenant of seizin.

APPEAL from the Circuit Court of Lee county; the Hon. WILLIAM W. HEATON, Judge, presiding.

The facts in this case are fully stated in the opinion of the court.

Messrs. BARGE & FOUKE, for the appellant.

Mr. JAMES K. EDSALL, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of covenant, brought to the Circuit Court of Lee county, by James L. Hunt against Ransler Baker, for breach of a covenant of seizin and good right to convey in a deed, and a verdict and judgment for the plaintiff.

In the court below the defendant objected to reading the deed in evidence, on the ground of variance from the one declared on. In the declaration it was alleged that the defendant, for himself, his heirs, executors, etc., covenanted that he was well seized, etc., while the deed produced in evidence contained only this covenant, "that the party of the first part, for his heirs, executors, etc., covenanted."

There is some obscurity in the meaning of the deed introduced in evidence. The covenants in the deed are, that Baker and wife, party of the first part, for them—, heirs, executors and administrators, do covenant, grant, bargain and agree to and with the said party of the second part, his heirs and assigns, that at the time of the sealing and delivery of the deed, they were well seized of the premises, etc., in fee simple, etc., and had good right to sell and convey the same, etc.

These covenants are somewhat obscure, but we think are susceptible of being made clear. The word "them" should be read "themselves." The following words, "heirs, executors and administrators," are, under our statute, surplusage, and it is unnecessary to insert them in order to bind them, on the principle recognized by our statute, that the heir is bound for all demands against his ancestor to the extent of the real estate which he may inherit, whether they are manifested by covenants against the ancestor or otherwise. Scates' Comp. 543.

The covenants in this deed are the covenants of appellant, and not of his heirs, administrators or executors, and such a construction must be placed upon them by the court as to give them effect; and reading them as we do, and as we think we are compelled to do, they mean, and were designed to mean, that Baker was well seized, had good right to convey, that the premises were free from incumbrances, and that he would forever warrant and defend the title to them.

The covenants differ essentially from those in the case of *Rufner* v. *McConnel et al.*, 14 Ill. 168, upon which appellant seems to rely. In that case the covenant was by McConnel and wife and Van Syckle and wife, that their heirs, executors, etc., would warrant and defend the title, not that they would,

and the court correctly held that no action could be maintained against the covenantors during their life-time. The remedy for the breach was, by the very terms of the deed, postponed until the death of the covenantors. The covenants in question are covenants *in presenti*, and if the covenantor had no title, they were broken so soon as made. *Brady* v. *Spurck*, 27 Ill. 482.

The other and remaining point made by appellant is, upon whom, in an action brought on a covenant of seizin, the burden of proof rests.

It seems to us, the authority he has cited from Rawle upon covenants of title, settles that question. That authority, as quoted by appellant, says, that a vendor, who has given a covenant of seizin, can be called upon, at any time, after the execution of the deed, and at the caprice of his covenantee, to make out a perfect title affirmatively, p. 57. Of course, then, the burden of proof rests upon the covenantor. The covenantee is not required to prove a negative. The grantor and covenantor is bound to show that he was seized in fee, at the time of executing the deed, if that issue is made, as it was by the pleadings. As this court held, in the case of *Brady* v. *Spurck*, *ante*, the covenant of seizin is a covenant *in presenti*, and if the grantor had no title, it was broken so soon as made. Of course, then, it is an affirmative covenant, and the party breaking it, must establish it,—the *onus* is upon him.

The rule is well settled that the burden of proof lies upon the defendant to show title in himself in an action brought for a breach of the covenant of seizin. 1 Greenl. on Ev. § 74; *Abbot* v. *Allen et al.*, 14 Johns. 247. A grantor in such a deed has no right to shift the responsibility from himself, by imposing it on the grantee to aver and prove at *his* peril any particular outstanding title. The grantor must prove the title was in him. He holds the affirmative. In this case, the proof offered by appellee made a strong *prima facie* case against the appellant, and he did not rebut it. He showed no conveyance from Landon, the patentee.

The judgment must be affirmed.

*Judgment affirmed.*