McEarlawd, J.,
delivered, the opinion of the court.
The complainant, in her bill, alleges that on the 11th of May, 1860, E. A. Glass conveyed to her, to her sole and separarte use, 4 1-2 acres of laud in or near Chattanooga. That afterwards she joined her husband, John P. Hodges, in a conveyance of this land to W. B. Williams, the proceeds going to pay debts due from the firm of Warnicut & Hodges, of which her husband was a member. That her husband, to reimburse her, then conveyed to her sole and separate use, a certain lot in Chattanooga, called in the record the Walnut-street property; afterwards she joined her husband in a conveyance of this latter property to Ooher and wife, for $2,000, part of which was paid in cash on debts of her husband — three notes executed payable to berself and husband, one for $710 — tbe o-fher two for $500 each. The $710 was turned over to her and she has disposed of it as a matter of necessity to raise money for herself and family; the two $500 notes were plac§d in *404 the hands of S. A. Key, as collateral security to secure D. B. Ragsdale and P. A. McKinney, as securities of said John P. Hodges, for money due for the purchase of certain mountain land described. John P. Hodges afterwards died. The bill prays, 1st, to recover the 4 1-2 acre tract of land conveyed to Williams, and to have her deed declared void, or if this relief cannot be granted, that she recover the Walnut-street property from Coher and wife, at the consideration agreed to be paid therefor, with interest; and lastly, if not entitled to relief upon either of the foregoing grounds, that the mountain land be decreed to hex, and the difference in value between it and the 4 1-2 acre tract be paid to her out of the estate of Jno. P. Hodges, or out of the assets of the firm of Warnicut & Hodges. The cause was heard upon the demurrer of Coher and wife, Ragsdale, McKinney, A. Key; the demurrer was overruled, and the defendants allowed to appeal. Williams answered the bill, but no appearance was made by the administrator or minor heirs of John P. Hodges, nor was any steps taken to bring the cause to a hearing as to them. The case, therefore, as to Williams and the heirs and administrator of Hodges is not before us. We will consider only the question raised by the demurrer of the other defendants. The objection upon the ground of multifariousness was withdrawn. First, as to the right of the complainant to recover the Walnut-street property under a deed from her husband conveying it to her sole and separate use. The deed contains no provisions in regard to her power of sale or disposition. No such power is in terms conferred, nor is there any restriction upon the power.
In Gray v. Robb, 4 Heis., 74, this court held that if the deed creating the separate estate of a married woman contains no power of disposition, no such power can be exercised, and the deed of the husband and wife in such case was a nullity; this was in regard to a deed executed *405 in 1862. The act of 1869-70, ch. 99, sec. 5, however, is to be considered.
The third section is as follows: “Femes covert, or married women owning a separate estate settled upon them and for their separate nse, shall have and possess the same power of disposition by deed, will or otherwise, as is given by the first and second sections of -this act; provided, the power of disposition is not expressly withheld in the deed or will under which they hold the property.” The first section enacts “that married women over the age of 21 years, owning the fee, or other legal or equitable interest or estate in real estate, shall have the same powers of disposition by will, deed or otherwise as feme sole.” The second enacts that the power of married women to sell, convey, devise or mortgage their real estate, shall not depend upon the concurrence of the husband, provided her privy examination shall take place before a chancellor, circuit judge, or clerk of a county court. A subsequent section [sec. 6] limits the provisions of the act, except the third section, to femes covert whose husbands have abandoned or refused to live with them, or are non compos mentis, with a proviso that married women may devise their real estate as femes sole, but not to defeat tenancy by the curtesy. The third section is to be taken with the first and second sections, except that the third section is not limited, as is the first and second sections, to that class of married women above mentioned.
From this it would seem to result that a married woman having a “separate estate” when the power of disposition is not expressly withheld in the deed or will, may convey the same as a feme sole without the concurrence or consent of her husband, provided her privy examination be taken by a chancellor, circuit judge, or clerk of the county court. We take it, that if she could convey without the concurrence or consent of her husband, she. could certainly do so with his consent, provided the privy examination be had *406 as required. The joining of the husband could not vitiate the deed. The bill does not deny that there was a privy examination in this case, and the power of disposition was not expressly withheld in the deed to Mrs. Hodges. 'So, ■we hold that under this statute, the deed to Coher and wife was not void for want of power to make it. We think there is no sufficient allegation of fraud or undue advantage to avoid the deed. The result is that the decree of the chancellor overruling the demurrer of Coher and wife is erroneous — it should have been sustained, but the decree was correct in overruling the demurrer as to Key, Rags-dale and McKinney. Whether the complainant’s equities are superior to those of McKinney and Ragsdale, iit is not proper now to determine. The question as to complainant’s rights against Williams, or the heirs or administrator of her husband are not before us.
The decree will be reversed and the demurrer sustained as to Coher and wife, and affirmed and remanded as to the other defendants.
The costs of this court will be paid oner-half by complainants, and one-half by Ragsdale and McKinney.