JOHN TRAYNOR

*v.*

POTTER PALMER.

1. COVENANT — *when binding on estate only.* Where a grantor, in a deed, covenants "for his heirs, executors, and administrators," no recovery can be had against him on such covenant in a court of law. It charges his estate only in the hands of his legal representatives.

2. REFORMING CONTRACTS — *only in chancery.* Where parties deliberately give expression to their contracts, courts can do nothing else than enforce them as they find them, and a court of law can not reform such instruments so as to make them conform to the agreement of the parties. That can only be done in chancery.

APPEAL from the Circuit Court of Cook County; the Hon. HENRY BOOTH, Judge, presiding.

This was an action of covenant, brought by Potter Palmer against John Traynor. On a trial below the plaintiff recovered judgment, from which the defendant appealed.

Mr. EDWARD ROBY, for the appellant.

Mr. WINCHESTER HALL, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This case falls within the principle of *Rufner* v. *McConnel*, 14 Ill. 168. The covenant in this as in that case was made by the grantor "for his heirs, executors, and administrators," and is that the property conveyed is "free and clear from all former and other grants, bargains, sales, liens, taxes, assessments, and incumbrances of what kind and nature soever." This action was brought on the covenant of warranty against incumbrances created by a sale of the property for taxes, which the grantee was compelled to, and did, discharge. It was held in the case cited there could be no recovery against the grantor on such a covenant. One reason assigned for the decision in that case is, the grantor may have been unwilling to become personally responsible, but was willing to charge his estate in the hands of his legal representatives, and the grantee may have been content with such a covenant rather than none at all.

When parties have deliberately, as in instruments of the dignity of deeds, given expression to their contracts, courts can do nothing else than enforce them as they find them. Neither can a court of law reform such instruments so as to make them conform to the agreement of the parties. That can only be done in chancery. When the deed in this case is reformed, if it ever shall be done, so that the covenant it contains shall be binding on the grantor, the grantee may have his action.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*