## GAY *v.* ALTER.

By the law of Louisiana, a party to a synallagmatic contract has no right to rescind it by reason of the failure of performance by the other party, unless he returns to the latter what was received from him, so as to put him in the same situation in which he was before.

APPEAL from the Circuit Court of the United States for the District of Louisiana.

The controversy in this case related to the validity of certain judgments, and depended mainly upon the facts disclosed by the evidence. In one case the judgment creditor had agreed to accept $8,000 for a judgment of $11,000, and received $3,000

in·cash ·on· this agreement, and informally assigned the judgment to a friend of the judgment debtor for his benefit. The subsequent·payments not being made as agreed, the judgment was assigned.to Gay, who had notice of the transaction, and he sought to recover the whole amount. .Alter, the purchaser of the property affected by the judgment, contended that it could only stand for the reduced amount, subject to the payment of $3,000, which would leave only $5,000 due. Gay claimed that, as the payments agreed to be made were not all made, the agreement was forfeited. The court below decreed in favor of Alter. Gay thereupon appealed here.

*Mr. H. J. Leovy.* for the appellant.
. *Mr. George. L. Bright, contra.*

MR. JUSTICE BRADLEY, after stating the. case, delivered the opinion of the court.

It is contended by the appellant that the contract whereby Ames agreed to sell his judgment for $8,000, was a synallagmatic contract, which he had a right to rescind if the agreement of the other·party as to the payment of the purchase-money was .not performed. This is undoubtedly the law of Louisiana; but that law also requires that, if a party to a contract wishes to rescind·it for such a cause, he must return to ·the other party what he has received, so as to put him ·in the same situation·he was in before. In the present case, it. is not to be supposed that it was Ames's duty to return the $3,000 which he. received, because it was really received from Aymar, the debtor. But he was at least bound to credit that amount on· the judgment, which would have·been a substantial return; and in that case he would have a right to maintain his judgment for.the whole balance, and Gay, his vendee, would have had the same right. But he did not do this: nor has Gay done it; but, on the contrary, the latter has endeavored to collect the whole judgment without any deduction whatever. This. conduct is· totally inconsistent with the position taken. It shows, not a rescission of the contract, and a return or credit of the amount paid thereon, but a determination to regard the transaction as altogether void and the whole judgment still due.

We think that this position cannot be maintained.

*·Decree affirmed.*