Curtis v. Brannon.

## * Curtis v. Brannon.

### (*Nashville.* February 6, 1897.)

1. COVENANT OF SEIZIN. *Rents deducted from vendee's recovery for breach of.*

   The rental value of the premises during the possession of the vendee must be deducted from his recovery for breach of a covenant of seizin, which is caused by an outstanding contingent remainder, where his deed gave him at least a life estate, and the life tenancy has continued so as to preclude the remainderman from demanding rents for any part of the time. (*Post, pp. 158–160.*)

2. SAME. *Restoration of possession by vendee recovering for breach of.*

   Restoration of possession is an indispensable ingredient of a decree in equity in favor of a vendee for breach of a covenant of seizin, caused by an outstanding contingent remainder, where his deed gave him at least a life estate, and he has had, and continues to have, the benefit of possession. (*Post, pp. 160–163.*)

3. SAME. *Vendee allowed for permanent improvements.*

   A recovery for improvements to the extent that they may have permanently enhanced the rental or useable value of the life estate, may be allowed to the vendee, with his purchase money, interest thereon, and taxes paid, on breach of a covenant of seizin caused by an outstanding contingent remainder, when his recovery in equity is conditioned on his restoration of possession to the vendor, and his accounting for his use of the premises. (*Post, pp. 163, 164.*)

4. SAME. *Definition of.*

   A covenant of seizin is an assurance to the vendee that the vendor has the very estate, in .quantity and quality, which his deed purports to convey. It is a personal covenant *in presenti*, and, if not true, is breached the instant it is made, and an immediate right of action accrues to the vendee for its breach without and before eviction. (*Post, pp. 156, 157.*)

   * Liability of co-tenants for improvements and repairs is the subject of a note to *Ward* v. *Ward* (W. Va.), 29 L. R. A., 449.—REPORTER.

Curtis *v.* Brannon.

Cases cited and approved: Kincaid *v.* Brittain, 5 Sneed, 119; Recohs *v.* Younglove, 8 Bax., 387; Park *v.* Cheek, 4 Cold., 26; Robinson *v.* Coulter, 90 Tenn., 707; Baird *v.* Goodrich, 5 Heis., 23.

5. SAME. *Measure of damages for breach of, in ordinary cases.*

If the breach of covenant of seizin be total, or such as the vendee may treat as total, the measure of damages for such breach is ordinarily the amount of consideration paid, with interest thereon (*Post, pp. 157, 158.*)

Cases cited and approved: Kincaid *v.* Brittain, 5 Sneed, 119; Park *v.* Cheek, 4 Cold., 27; Recohs *v.* Younglove, 8 Bax., 387.

6. SAME. *Abatement of recovery by rents.*

But the vendee's recovery of the consideration, with interest, for breach of the covenant of seizin, is subject to abatement for the rents accruing during his possession of the premises, when it appears he cannot be made liable therefor to the owner of the paramount title. (*Post, pp. 158–160.*)

Case cited and approved: Park *v.* Cheek, 4 Cold., 28.

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. THOS. H. MALONE, Ch.

DANIEL & WATTS for Brannan.

A. S. COLYAR for Curtis.

CALDWELL, J. This is a bill of review. In the year 1885 the complainant, Mrs. Elizabeth Curtis, sold and conveyed to the defendant, W. D. Brannon, a small building lot in the city of Nashville, at the price of $900. The deed executed contained

a covenant of seizin in fee, and the vendee went into actual possession. He improved the lot, and is still in possession. In a litigation between other parties about a tract of land including this lot, the Court, at its December term, 1892, in construing a certain devise, adjudged that one Overton, whose deed constituted a link in the title of Mrs. Curtis to this lot, did not, in fact, own the fee, but that his ownership was subject to a contingent remainder in favor of any child or children he might leave surviving at his death. On account of that adjudication, and the consequent impairment of his title, Brannon, thereafter, while still in possession of the lot, and before the falling in of the life estate, filed his bill against Mrs. Curtis in the Chancery Court of Davidson County, alleging her nonresidence and the breach of her covenant of seizin, and seeking a recovery against her for the $900 paid for the lot, with interest, for $560 for improvements by him placed upon the land, and for $60 taxes paid thereon. The bill was taken for confessed against Mrs. Curtis, and thereafter a final decree was rendered against her. This decree allowed Brannon a full recovery for all he claimed, and directed a sale of the property attached, without requiring him to surrender possession or to account for mesne profits.

In January, 1896, after the sale of the property attached, and before confirmation, Mrs. Curtis filed the present bill to review the final decree against her, under Brannon's bill, for errors of law alleged

to be apparent upon its face, and for newly dis-covered evidence.

Brannon's demurrer to this bill was overruled by the Chancellor, who adjudged that the decree im-peached was erroneous in law upon its face in three particulars: (1) Because it allowed the vendee a full recovery of purchase money and interest thereon, without abatement for rents and profits; (2) because it allowed such recovery without restoring the pos-session to the vendor; and (3) because it allowed a recovery for improvements without proper cause shown. And, thereupon, the Chancellor further ad-judged that the said decree be reviewed, reversed, and set aside for the reasons stated, and that a refer-ence be had to ascertain the value of the rents and profits of the lot since the vendee went into pos-session.

The Court of Chancery Appeals affirmed the de-cree under the bill of review, in so far as it denied Brannon a recovery for improvements, but reversed it, and restored the decree under the original bill in other respects. Both parties have appealed, and, in this Court, complain of such parts of the decree of the Court of Chancery Appeals as are adverse to them, respectively.

1. A covenant of seizin is an assurance to the vendee that the vendor has the very estate, in quan-tity and quality, which he purports to convey. It is a personal covenant *in presenti*, and, if not true, is breached the instant it is made, and an immediate

right of action accrues to the vendee for its breach, without and before eviction. These well-settled propositions are announced in the following cases, partly in some and partly in others, and as many more cases to the same effect could readily be cited. *Kincaid* v. *Brittain*, 5 Sneed, 119; *Recohs* v. *Younglove*, 8 Bax., 387; *Park* v. *Cheek*, 4 Cold., 26; *Robinson* v. *Coulter*, 90 Tenn., 707; *Baird* v. *Goodrich*, 5 Heis., 23; *Pollard* v. *Dwight*, 4 Cranch, 421; 8 How., 451; *Peters* v. *Bowman*, 98 U. S., 58; *Logan* v. *Moulder*, 1 Ark., 313 (S. C., 33 Am. Dec., 338); *Baker* v. *Hunt*, 40 Ill., 264 (S. C., 89 Am. Dec., 346); *Clement* v. *National Bank* (Vt.), 10 L. R. A., 425; *Gilbert* v. *Bulkley*, 5 Conn., 262; *Dale* v. *Shively*, 8 Kan., 276; *Real* v. *Hollister*, 20 Neb., 112; *Murphey* v. *Price*, 48 Mo., 247; *Bickford* v. *Page*, 2 Mass., 455; *Wilson* v. *Cochran*, 46 Pa. St., 229; *Abbott* v. *Allen*, 14 Johns., 252; *Fitzhugh* v. *Croghan*, 2 J. J. Marsh., 429; *Price* v. *Deal*, 90 N. C., 290; *Brondt* v. *Foster*, 5 Iowa, 287; *Morse* v. *Garner*, 47 Am. Dec., 570 and note; *Backus* v. *McCoy*, 3 Ohio, 211 (S. C., 17 Am. Dec., 585); *Lawrence* v. *Montgomery*, 37 Cal., 183. See, also, 2 Suth. Dam. (2d Ed.), Sec. 592; Rawle Cov. Tit. (5th Ed.), Sec. 58; 4 Kent, *471; 2 Devlin on Deeds, Sec. 942.

2. If the breach be total, or such that the vendee may so treat it, the measure of damages is, ordinarily, the amount of consideration paid, with interest thereon. *Kincaid* v. *Brittain*, 5 Sneed, 119;

*Park* v. *Cheek*, 4 Cold., 27; *Recohs* v. *Younglove*, 8 Bax., 387; *Logan* v. *Moulder*, 33 Am. Dec., 344; *Bibb* v. *Freeman*, 59 Ala., 612; *Backus* v. *McCoy*, 17 Am. Dec., 585; *Herndon* v. *Harrison*, 34 Miss., 486; *Swofford* v. *Whipple*, 3 G. Greene, 261 (S. C., 54 Am. Dec., 498; *Gilbert* v. *Bulkley*, 5 Conn., 262 (S. C., 13 Am. Dec., 57); *Mecklem* v. *Blake*, 99 Am. Dec., 73, note; 4 Kent, *475; 2 Suth. Dam., Sec. 593; Rawle Cov. Tit., Sec. 158; 3 Sedgwick (8th Ed.) Dam., Sec. 966; 2 Devlin on Deeds, Sec. 894.

3. The recovery of the consideration and interest is subject, however, to abatement for rents during the vendee's possession, when it appears that he cannot be made liable therefor to the owner of the paramount title. A vendee, having enjoyed the advantages of possession at the expense of his vendor, is bound, especially in a Court of Equity, to account for those advantages when he demands repayment of the purchase money with interest. He cannot in such a case hold benefits, and at the same time recover as if he had not received them.

Some of the authorities treat liability for rents as the reason for allowing interest on the consideration paid. Kent says: "The interest is to countervail the claim for mesne profits, to which the grantee is liable." 4 Kent., *475.

Sutherland says: "Possession without title may compensate for the interest on the purchase money, if there be no liability which can be enforced to

the real owner.'' 2 Suth. on Dam., Sec. 598. In *Flint* v. *Steadman* it was ruled that the vendee, who had been in possession in such manner as not to be accountable for the use of the premises, could recover only the purchase money without interest. 36 Vt., 210.

We see no good reason for limiting the vendee's liability for rents to the interest on the purchase money, if they have, in fact, been of greater value. He should account for all the benefits he has derived from the possession, and, if not responsible therefor to some other person, his vendor should have an abatement to that extent.

''The whole consideration money and interest cannot be the criterion of damages, except in those cases where the purchaser derives no benefit from the conveyance.'' 2 Suth. on Dam., Sec. 597. ''But if some title passes, though so far short of that covenanted for that the grantee is clearly not bound to retain it for a proportionate part of the purchase money, on tendering a reconveyance and surrendering possession recovery may be had of the entire consideration money and interest, together with taxes paid, less the value of the rents received.'' *Ib.*, Sec. 599.

This last proposition is based upon the decision in *Frazer* v. *Supervisors of Peoria Co.*, 74 Ill., 282, which goes further than the text, and holds that the grantee must answer not only for ''rents received,''

but also for those that "could have been received from the property." 74 Ill., 282.

It is said in another case, that if the vendee takes any benefit, directly or indirectly, from the deed, he must be charged with that benefit in the assessment of his damages. *Hartford & Saulsbury Ore Co.* v. *Miller*, 41 Conn., 113.

This Court, in *Park* v. *Cheek*, which was an action at law for the breach of a covenant of seizin, said: "The defendant will have the right, where the plaintiff seeks to recover the purchase money and interest, to set off the rents and profits of the land, and such damages as may be sustained by reason of the plaintiff removing and appropriating any permanent improvements the defendant may have erected on the premises." 4 Cold., 28.

4. Having been in rightful possession, under a deed passing a good and perfect title to at least a life estate in the land conveyed, and the life tenant being still alive, so as to preclude the remaindermen from demanding rents for any part of the time, the vendee in the present case was liable to his vendor for the rental value of the premises from the inception of his possession to the date of the decree, and it was an error of law not to reduce the vendee's recovery to that extent.

5. The original decree was further erroneous, in that it allowed the vendee a full recovery for the breach of the covenant of seizin, as in case of a total failure of title or of rescission, without, at the

Curtis *v.* Brannon.

same time, requiring him to surrender possession of the land. It may be true, as suggested by some of the authorities, that such a recovery will, by operation of law, revest the vendor with such title as he had originally. *Kincaid* v. *Brittain*, 5 Sneed, 124; *Robinson* v. *Coulter*, 90 Tenn., 709; *Recohs* v. *Younglove*, 8 Bax., 388; Rawle Cov. Tit., Sec. 184. And it may likewise be true, as suggested by the learned Court of Chancery Appeals, and by the same authorities, that such a recovery, even at law, would authorize an action by the vendor to regain possession; but that is not enough in a Court of Equity. In that forum the vendee will not be allowed a full recovery except upon the surrender of possession. Restoration of such possession as the vendee has is an indispensable ingredient of the decree. It is one of the things essential to the right of full recovery, and without it the conscience of the Court is not moved in his favor. In all matters of rescission, and in all relief akin to rescission, a Court of Equity will invariably put the parties as nearly in *statu quo* as possible. *Hill* v. *Harriman*, 95 Tenn., 305; *Connor* v. *Henderson*, 15 Mass., 319 (S. C., 8 Am. Dec., 103; Adams' Equity, 191; 2 Kent, *475, *476, *480; *Blackburn* v. *Smith*, 2 Exch., 783; 2 Warville on Vendors, Sec. 29; *Shively* v. *S. T. L. & W. Co.*, 99 Cal., 259; *Farmers' Bank* v. *Graves*, 12 How., 51; *Gay* v. *Alter*, 102 U. S., 79; *Brown* v. *Witter*, 10 Ohio, 142; *Coffee* v. *Ruffin*, 4 Cold., 516; *Pharr* v. *Bach-*

14 p—11

*elor*, 3 Ala., 245; 21 Am. & Eng. Enc. L., pp. 84–87 and citations; *Coolige* v. *Brigham*, 1 Met., 547; *Land Co.* v. *Hill*, 87 Tenn., 589; *Johnson* v. *Jackson*, 27 Miss., 498 (S. C., 61 Am. Dec., 522); *Lake Shore & M. S. R. Co.* v. *Richards*, 30 L. R. A., 33 and notes 44, 45.

Never, when adequate relief can be granted to both parties, will it be given to one and withheld from the other. Had Brannon sued at law, the measure of damages would have been the difference between the value of the life estate acquired and the fee contracted for. *Recohs* v. *Younglove*, 8 Bax., 385; 2 Devlin on Deeds, Sec. 901.

It is only in a Court of Equity, and upon the ground of rescission, that he can have the larger recovery. Being in that forum, and seeking relief upon that ground, he must by the same decree surrender the possession and account for mesne profits as well. Asking equity he must do equity.

It has been said, and upon good reason, that a vendee in like situation with Brannon, should reconvey or tender a reconveyance before asking a recovery for the breach of a covenant of seizin. *Frazer* v. *Supervisors of Peoria Co.*, 74 Ill., 291; 2 Suth. Dam., Sec. 599.

Rawle remarks that "it would, perhaps, be a matter of prudence for the purchaser to offer such reconveyance before or at the time of the trial, although it would be no bar to his action that he had not done so." Rawle Cov. Tit., Sec. 185.

In *Mecklem* v. *Blake*, the Court ruled that a grantee desiring to rescind, and recover purchase money and interest, must tender a reconveyance and offer to restore possession. 22 Wis., 495 (S. C., 99 Am. Dec., 68).

6. At an early period in American jurisprudence it was decided that a vendee, suing for a total breach of the covenant of seizin, could not augment his recovery by showing a rise in value, whether the enhancement arose from extrinsic causes, as in *Staats* v. *Ten Eyck*, 3 Caines, 111, or from improvements placed upon the land by him, as in *Bender* v. *Tromberger*, 4 Dall., 442, and *Pitcher* v. *Livingston*, 4 Johns., 1; and such is the general rule prevailing at this day. 4 Kent, *475; Rawle Cov. Tit., Sec. 158; 3 Sedg. Dam., Secs. 958 and 961; 2 Suth. Dam., 593; 2 Devlin on Deeds, Sec. 894; and cases cited by the text writers, and in note to *Mecklem* v. *Blake*, 99 Am. Dec., 73.

Perhaps the most important reason underlying this rule is the fact that the vendor ordinarily receives no benefit whatever from the enhanced value of the land. He does not, in the usual case, actually regain the land, but it goes to the owner of the paramount title, with all its enhancement.

7. But the present case is not the usual one, and the reason for the rule is not entirely applicable. It applies as to the remainder estate, but not as to the life estate. There is no paramount ownership of the life estate. The vendor is actually

restored to the possession of the property in its improved condition, and is, undoubtedly, entitled to its free use and enjoyment so long as the life tenant shall survive. Moreover, in the account for rents, she will have advantage of the improvements, since the amount of her credit for mesne profits will be determined from the annual rental or usable value of the land with the improvements upon it.

Such equitable circumstances impel a Court of conscience to grant the vendee a recovery for improvements to the extent that they may have permanently enhanced the rental or usable value of life estate.

Enter decree in accordance with this opinion, and remand for an account, in which Brannon will be credited with (1) purchase money and interest, (2) taxes paid, and (3) improvements, so far as they may have enhanced the rental or usable value of the life estate, and charged with the annual rents or use of the premises in the condition in which they may have been from time to time.