W. D. HICKS *et ux. v.* B. H. SPRANKLE *et. al.*

(*Knoxville.* September Term, 1923.)

1. **DEEDS.** Purpose for which testimony of children of grantor disclaiming interest considered.

   Testimony of the children of deceased woman, disclaiming any interest in property conveyed by her while married, can be considered, if relevant to an issue as to its validity, only to illustrate her capacity to contract and her freedom from coercion when the deed was executed. (*Post, p.* 313.)

   Cases cited and approved: Giffin v. Giffin, 37 S. W., 710; Bailey v. Apperson, 134 Tenn., 716; Curtis v. Brannon, 98 Tenn., 153.

2. **DEEDS.** Rule of construction.

   In determining the effect of a conveyance, the intention of the parties as drawn from the whole instrument shall govern, and, where the intention is uncertain, resort may be had to subordinate rules of construction. (*Post, p.* 314.)

3. **DEEDS.** Deed should be upheld if possible.

   Deeds should be construed so as to be upheld, if possible. (*Post, p.* 314.)

4. **DEEDS.** Provision of habendum clause repugnant to granting clause rejected.

   Where an estate in fee is conyeyed by the granting clause of a deed, and the *habendum* contains irreconcilable provisions, the repugnant clause of the *habendum* will be rejected. (*Post, p.* 314.)

   Cases cited and approved: Memphis Gas Lt. Case, 105 Tenn., 280; Teague v. Sowder, 121 Tenn., 132.

5. **HUSBAND AND WIFE.** Estates by the entireties abolished.

   Acts 1913, chapter 26, by lifting the disabilities of coverture, re-

Hicks v. Sprankle.

moved the legal unity from which the estate by entirety was im-plied, until restored by Acts 1919, chapter 126. (*Post, pp.* 315-318.)

6. **HUSBAND AND WIFE.** Conveyance by husband and wife to them-selves held valid; deed held to convey a fee.

A conveyance by husband and wife to themselves, of land of the wife, it being the intention of the wife that the conveyance should transfer the fee to the husband if he survived her, was valid as a conveyance in fee to the husband, in view of Shannon's Code, section 3753 et seq., and section 4246, and Acts 1913, chapter 26, which removed all disabilities of a married woman to convey, and a *habendum* which limited the estate to one by the entirety, being surplusage, did not destroy the fee conveyed by the granting clause. (*Post, pp.* 315-318.)

7. **HUSBAND AND WIFE.** Deed not vitiated by inability of mar-ried woman to convey to herself.

That a married woman could not convey to herself would not vi-tiate a deed to herself and her husband if the husband was capable of taking the title. (*Post, pp.* 315-318.)

8. **DEEDS.** Estate granted absolutely not cut down by subsequent. clause.

An estate granted absolutely will not be cut down by a subsequent clause, which, if it raises any doubt, will be resolved against the limitation and in favor of the estate. (*Post, pp.* 315-318.)

Acts cited and construed: Acts 1913, ch. 26; Acts 1919, ch. 126.

Cases cited and approved: Gill v. McKinney, 140 Tenn., 549; Kellar v. Kellar, 142 Tenn., 529; Bennett v. Hutchens, 133 Tenn., 70; Hiles v. Fisher, 144 N. Y., 306; McRoberts v. Copeland, 85 Tenn., 211; Bates v. Seely, 46 Pa., 248; Bassett v. Budlong, 77 Mich., 338; Maclin v. Haywood, 90 Tenn., 203; Templeton v. Twilty, 88 Tenn., 595; Vick v. Gower, 92 Tenn., 391; Hodges v. Williams, 1 Shan. Cas., 403; Molloy v. Clapp, 70 Tenn., 589; Barnum v. Le Master, 110 Tenn., 638; Little v. Hickey, 8 Higgins, 303; Ballard v. Turley, 143 Tenn., 164; Meredith v. Owen, 36 Tenn., 226; Pegg v. Pegg, 165 Mich., 228.

Case cited and distinguished:   Cameron v. Steves, 9 N. B., 141.

Code cited and construed:   Sec. 3753 (S.).

### FROM KNOX.

Appeal from the Chancery Court of Knox County.—

HON. CHAS. HAYS BROWN, Chancellor.

MOORE & HARTMAN, for plaintiffs.

A. C. GRIMM, for defendants.

MR. JUSTICE COOK delivered the opinion of the court.

This is an action upon the covenant of seisin in a deed conveying to complainants certain land in Knox county. It is insisted that the deed of Mrs. Allie Taylor to her husband, J. S. Taylor, dated July 8, 1915, is void, and that Taylor could not convey an estate in fee to Spankle, who conveyed to complainants. The chancellor held that the deed of Mrs. Taylor passed an estate in fee to J. S. Taylor, and that his deed communicated a good title to Spankle.

Errors are assigned which present complainants' insistence that the deed of Mrs. Taylor is void, because the wife could not, by her deed, create the estate by entirety; that the conveyance by the husband and wife to themselves is void under *Griffin* v. *Griffin,* (Tenn. Ch.), 37 S. W., 710; and that a conveyance by the wife directly to the husband is void under *Bailey* v. *Apperson,* 134 Tenn., 716, 185 S. W., 710.   If these authorities are controlling, after the Married Woman's Act of 1913, there was a breach

of the covenant in Sprankle's deed to Hicks, and relief would follow under *Curtis* v. *Brannon,* 98 Tenn., 153, 38 S. W., 1073, 69 L. R. A., 760.

The material and uncontroverted facts are that J. S. Taylor owned a farm in Knox county, which he exchanged for the one involved, and caused his father-in-law, H. S. Kirby, with whom he traded, to convey to Mrs. Taylor. After the conveyance vesting title in Mrs. Taylor, Taylor erected a residence and barn, and made other improvements on the farm at a cost of $6,500. There was an understanding between Mr. and Mrs. Taylor that title to the farm should pass to the survivor. When Mrs. Taylor's health became impaired, the deed was executed in conformity with the agreement. It was her purpose to execute a conveyance to clothe him with title should he survive. The deed was executed at the residence of Mrs. Taylor's father, where the draftsman read and explained it to her. After it was signed the notary public took her acknowledgment under privy examination. Mrs. Taylor died September 10, 1915. On February 19, 1917, Taylor, who had remarried, joined by his second wife, conveyed to Sprankle for the consideration of $11,000, and with his family moved to a farm near Norfolk, Va. Later they went to East Liberty, Ohio.

The title to the farm passed by warranty deed from Sprankle to Hicks and wife, who challenged the validity of the deed dated July 8, 1915. The five children of Mrs Allie Taylor, two over twenty-one years of age, and the youngest, Mary Pless, eleven years and ten months old, testified, disclaiming any interest in the farm. This testimony could not be considered, if relevant to the issue,

except as it would illustrate their mother's capacity to contract, and her freedom from coercion when the deed was executed. Their testimony does not suggest any invalidating fact attending the execution of the deed, nor do the pleadings charge duress, fraud, coercion, or mental incapacity.

The granting clause of the deed is as follows:

"   .  .. .   J. S. Taylor and wife, Allie Taylor, parties of the first part, and J. S. Taylor and wife, Allie Taylor, parties of the second part, witnesseth that said parties of the first part   .  .  .   have granted, bargained, sold and conveyed, and do hereby grant, bargain, sell and convey unto said parties of the second part."

Then follows a description of the land. The *habendum* clause of the deed reads:

"To have and to hold   .  . .   to said parties of the second part their heirs and assigns forever, as an estate by entirety."

Recognized rules of construction must be observed in determining the effect of the conveyance. A primary rule is that the intention of the parties as drawn from the whole instrument shall govern, and, where the intention is uncertain, resort may be had to subordinate rules of construction. 18 C. J., pp. 252, 331; 8 R. C. L., p. 1035. The deed should be upheld if possible. *Memphis Gas Lt. Case,* 105 Tenn., 280, 60 S. W., 206; 18 C. J., p. 256; 8 R. C. L., p. 1049. It is a subordinate rule of construction that where an estate in fee is conveyed by the granting clause of a deed, and the *habendum* contains irreconcilable provisions, the repugnant clause of the *habendum* will be rejected. 18 C. J., 330, 331; *Teague* v. *Sowder,* 121 Tenn., 132, 114 S. W., 484.

Hicks v. Sprankle.

Extended discussion of the doctrine of estates by entirety will serve no purpose. The effect of chapter 26, Acts 1913, was 'to' abolish such estates until restored by a subsequent act. *Gill* v. *McKinney,* 140 Tenn., 549, 205 S. W., 416; *Kellar* v. *Kellar,* 142 Tenn., 529, 221 S. W., 189. Lifting the disabilities of coverture removed the legal unity from which the estate by entirety was implied. 13 R. C. L., 1108. It is also true that a deed by one spouse to the other, lacking the unities required to sustain the estate, could not operate as a conveyance of the estate by entirety before the act of 1913. 30 C. J., 691. The deed of Mrs. Taylor did not create the estate by entirety recognized before the act of 1913, and defined in *Bennett* v. *Hutchens,* 133 Tenn., 70, 179 S. W., 629, and cases cited. See chapter 126, Acts 1919; *Hiles* v. *Fisher,* 144 N. Y., 306, 39 N. E., 337, 30 L. R. A., 305, 43 Am. St. Rep., 762.

While not good as a conveyance of the estate by entirety, under recognized rules of construction the conveyance should operate, as nearly as possible, to produce the effect intended by the parties. *McRoberts* v. *Copeland,* 85 Tenn., 211, 2 S. W., 33; *Bates* v. *Seely,* 46 Pa., 248; *Bassett* v. *Budlong,* 77 Mich., 338, 43 N. W., 984, 18 Am. St. Rep., 404.

It is said the deed is void under *Giffin* v. *Giffin,* and *Bailey* v. *Apperson,* for the reasons stated therein. All the cases holding such conveyances void found their reason in the common-law disabilities of coverture. By the common law the wife was considered incapable of contracting with the husband. The legal fiction of unity forbade the inception of a deed. According to Blackstone, by marriage the husband and wife became one person in law; that is, the being and legal existence of the wife was suspended during

marriage, or at least it was incorporated and consolidated into that of the husband, under whose protection and cover she performed every act, and was therefore a *feme covert.* The man could make no grant directly to his wife, because he was doing the absurd thing of contracting with himself. In the development of our jurisprudence this rule was first modified to the extent of authorizing the husband to convey to the wife. *Maclin* v. *Haywood,* 90 Tenn., 203, 16 S. W., 140; *Templeton* v. *Twitty,* 88 Tenn., 595, 14 S. W., 435.

By the act of 1715 and subsequent amendments, carried into Shannon's Code, section 3753 et seq., the wife was authorized to convey her land under privy examination, and if joined by the husband. Acting under statutes which authorized the wife, if joined by the husband, to convey her land, she could not convey directly to the husband, although he joined in the deed. Where, however, the husband was not required to join in the conveyance, and the wife was authorized by statute to deal with her property as if *sole,* she could convey directly to the husband. *Vick* v. *Gower,* 92 Tenn., 391, 21 S. W., 677; *Maclin* v. *Haywood,* supra. The married woman could convey her separate estate without the concurrence of the husband upon privy examination, as provided in section 4246, Shannon's Code. Concurrence of the husband being nonessential to the legality of the wife's deed to her separate estate, she could convey directly to him, and his unnecessary joinder in the deed would not vitiate it. *Hodges* v. *Williams,* 1 Shan. Cas., 403; *Molloy* v. *Clapp,* 2 Lea, 589.

The act of 1913 removed all the disabilities. Coverture no longer affected the woman's capacity to convey her land, whether a general or separate estate. She possessed

the power of alienation, which is an inseparable incident of the estate in fee, and lacking fraud or other invalidating circumstance the wife's deed would be valid. The fact that the husband joined in the deed conveying the general estate would no more invalidate this conveyance than would such concurrence invalidate a deed to the separate estate before the Married Woman's Act. *Hodges* v. *Williams,* supra; *Barnum* v. *Le Master,* 110 Tenn., 638, 75 S. W., 1045, 69 L. R. A., 353; *Little* v. *Hickey,* 8 Higgins, 303. These authorities sustain the validity of a deed from the wife to the husband, some of them holding such deeds valid where the husband unnecessarily joined in the conveyance of the wife's separate estate.

Mrs. Taylor could not convey to herself, but her attempt to do so would not vitiate the deed where there was a grantee capable of taking the title. She conveyed the whole estate, reserving nothing. It follows, as an incident of legitimate construction, that the granting clause of the deed conveyed the estate in fee to the husband, and that the interest thus granted is not cut down or destroyed by the subsequent provision in the *habendum* clause of the deed. The words after the *habendum,* "as an estate by the entireties," must be regarded as surplusage, rather than as vitiating the deed. If an estate be granted, and the grant is express and certain, the *habendum,* although repugnant to the deed, will not vitiate it. Broom's Legal Maxims, 486; *Ballard* v. *Turley,* 143 Tenn., 164, 226 S. W., 544.

An estate granted absolutely will not be cut down by a subsequent clause, and if there is doubt raised by the subsequent clause it must be resolved against the limitation, and in favor of the estate.

Hicks v. Sprankle.

In *Cameron* v. *Steves*, 9 N. B., 141, it was said that one who conveys to himself and others will retain no interest. His cograntees taking the entire estate. In support of this conclusion the New Brunswick court quoted from page 82 of Sheppard's Touchstone:

"If a deed be made to one that is incapable and to others, that are capable, in this case it shall inure only to him that is capable. And if they were to be joint tenants, the person who is capable shall take the whole, but if they were to be tenants in common, he shall have only his particular share."

The purpose of Mrs. Taylor disclosed by the proof—and her intention was expressed in the deed—was that it should operate as a conveyance of the fee to her husband, in the event he survived her. Whether we apply the rule of construction that the intention of the grantor shall prevail, or the rule of construction that a limitation expressed in the *habendum* cannot destroy the fee conveyed by the granting clause of the deed (*Meredith* v. *Owen,* 4 Sneed, 226; *Pegg* v. *Pegg,* 165 Mich., 228, 130 N. W., 617, 33 L. R. A. [N. S.], 169, Ann. Cas., 1912C, 925), the result would be the same. The effect would be to sustain this deed in accordance with the intention of the grantor.

It follows that the decree of the chancellor must be affirmed. Appellants will pay the costs of the cause.