# LEACH v. PRATT et al.—205 S. W. (2d) 970.

Eastern Section.   July 9, 1947.

Petition for Certiorari denied by Supreme Court, October 18, 1947.

Thurman Ailor and R. M. Vertrees, both of Knoxville, for appellant.

Grimm & Tapp and Ivan T. Privette, all of Knoxville, for appellees.

HALE, J. This suit was filed by Mrs. Hannah Elizabeth Pratt against the widow and children of her deceased son, Charles L. Pratt, and involves the construction of a deed she executed to him.

The deed was dated August 2, 1943, and was prepared by a lawyer of the complainant's own choice and under her instructions. It is on a printed form. The pertinent portions of the deed are as follows:

"Witnesseth, That the said party of the first part, for and in consideration of the sum of One Dollar, love and affection to her in hand paid by the said party of the second part, the receipt of which is hereby acknowledged . . . has granted, bargained, sold, conveyed, and does hereby grant, bargain, sell, and convey unto the said party of the second part" the premises in question "with the hereditaments and appurtenances thereto appertaining, hereby releasing all claims to Homestead and Dower

therein. To have and to hold the said premises to the said party of the second part, his heirs and assigns forever.

"And the said party of the first part for herself, and for her Heirs, Executors and Administrator does hereby covenant with the said party of the second part, his heirs and assigns that she is lawfully seized in fee simple of the premises above conveyed and has full power, authority and right to convey the same, and that said premises are free from all incumbrances *except that both the vendor and vendee herein understand that this deed is not to be recorded until demise of Hannah E. Leach, upon which event title is to pass,* and that she will forever warrant and defend the said premises and the title thereto against the lawful claims of all persons whomsoever." (The words italicized are typed on the deed.)

It is over this deed, especially the italicized portion, that the present family litigation revolves.

At the time the deed was executed, the complainant was about seventy-three years of age, but crippled with a broken hip. She had had three children. One (W. H. Pratt) died in 1927, leaving several children. The others were said Charles L. Pratt and Mrs. Maude Pratt. Charles L. Pratt was the baby and there are indications he was his mother's favorite. For several years he conducted a store in property owned by his mother, and he and his family and W. H. Pratt's children lived with his mother in her property. All seemed to have received the major portion of their support from the store, altho this has but little bearing on the merits of the case.

Charles L. Pratt's health began to fail. He was worried about his health and the condition of his business. He also had a large family to support.

His mother said that she executed the deed to "boost" his morale or to encourage him. We find the deed was executed largely of her own volition without undue pressure from her son. The lawyer who prepared it represented her in other matters. She paid him for his services.

It appears that the execution of this deed did not meet with the approval of her other child, Mrs. Maude Pratt, above mentioned. And there are many indications that this daughter has gained an ascendancy over her mother and is the moving spirit behind this litigation.

At any rate, C. L. Pratt and his family were required to move from the residence owned by the mother. He was sick and his physical condition became worse. His daughters took over the management of the store, and apparently were successful in paying off the debts.

Prior to his death, the complainant sought to get possession of the deed in question. She was put off with different excuses. Apparently, the son (C. L. Pratt) consulted Mr. Clyde Key, of the Knoxville bar, with respect to the deed. He would not give it up.

The complainant then consulted her attorney who had prepared the deed in question, and he on August 14, 1944, had her execute an instrument termed "Repudiation of Deed to Contingent Remainder", and it is as follows:

"This declaration, made this 14th day of August, 1944, by Mrs. Hannah Elizabeth Leach is specifically to repudiate two or more deeds to lots or parcels of property in the Second Civil District of Knox County, Tennessee, made to among others C. L. Pratt and Maude Pratt, the property being at Smithwood in said district.

"The above mentioned deeds of which there were two or more, were executed and signed by Hannah E. or

Elizabeth Leach and the title to property described therein, as specifically stated in said deed, was not to pass to vendee mentioned therein until the demise of said Hannah Elizabeth Leach. Said deeds were placed in the hands of one of said vendors who has moved his residence since receiving same and they are reported lost and upon checking the indexes in the register's office in Knox County, Tenn., has not been recorded up until 3 :00 o'clock P. M. on the above date. Said deeds were made in the year 1943 about a year previous to this date.

"Therefore, I Hannah Elizabeth Leach, do by these presents *repudiate,* cancel and annul any and all the effects of all deeds executed by me conveying title to land to take effect at my death made and signed during the year 1943."

This was registered. Nothing further was done.

C. L. Pratt died February 25, 1946. That spring Mrs. Maude Pratt (the daughter) got in touch with a real estate agent and discussed a sale of this property and had it advertised for sale. Upon this being done, the widow and children of C. L. Pratt consulted an attorney who advised them to record the deed in question. They did so on March 14, 1946. The bill in this cause was filed April 1, 1946.

The cause was heard in the regular manner upon depositions by Chancellor Mitchell, who found the deed was delivered by the maker to C. L. Pratt, the grantee, without any restrictions or reservations and was kept in his possession until his death, when it was registered by his widow as above noted; that the deed was a valid instrument and operated only to postpone the possession and enjoyment of the property by the grantee until the death of the grantor.

The complainant has appealed and assigns errors, insisting the deed was conditionally delivered with the understanding that it was to be kept under joint control of the parties; that ''the deed, being a voluntary conveyance, conveyed no right or interest other than that clearly expressed, which was to the effect that complainant retained full power to dispose of same during her lifetime, and that title was not to pass until her death''; and that there was a binding agreement between the mother and son (grantor and grantee) that the deed would not be recorded until her death, and that the registration thereof was unauthorized and operated as a fraud upon complainant's rights.

We concur in the Chancellor's finding of an unconditional delivery. We think everything, even the testimony of the complainant, points to that conclusion.

Likewise, we concur in his conclusion that the deed conveyed a remainder estate in this property, without condition or limitation.

The deed is the best evidence of the intention of the parties. It is complete and regular except the addition to the covenanting clause that the land is ''free from all incumbrances except that both vendor and vendee herein understand that this deed is not to be recorded until demise of Hannah E. Leach upon which event title is to pass.''

It is clear that the parties contemplated that the deed would not be recorded until the death of the grantor. Why so? Was it done so as to preserve to her a life estate? Was it done to give her the right of revocation? Was her death a condition precedent to the vesting of title? Was it an effort to protect the son against his creditors?

█ █ The intention of the parties controls regardless of technical rules of construction. However, we may resort to subordinate rules of construction where the intention is uncertain. Hicks v. Sprankle, 149 Tenn. 310, 257 S. W. 1044. The conveying clause is unconditional and is supported by the habendum. May the quoted words, which have as their immediate context the warranty against incumbrances, · destroy the estate given him? We think not. The doubt is resolved against the limitation and in favor of the estate. Hicks v. Sprankle, supra.

█ We have concluded that this was an awkward or inept way of reserving a life estate. We think the non-registration of the deed was the means adopted to preserve that estate for the life of the grantor, which was apparently considered to be an incumbrance, and that it was upon the death of said grantor that the "title is to pass". We think that "title" as used herein meant an unconditional fee simple and right of possession; that the remainder estate given him would at the death of the grantor ripen into this "title" that would be good as against the world. There are no words indicating a right of revocation, or the creation of an estate upon condition.

In Templeton v. Strong, 182 Tenn. 591, 188 S. W. (2d) 560, 562, the Supreme Court, speaking through Mr. Justice Gailor, said:

"The fatal objection to appellant's theory that the deed conveyed to Jessie Templeton a base or conditional fee is that such an estate is not favored by the law and will in no particular be implied. Unless such an estate is created by the express language of the deed or will, the grantor or testator will be conclusively presumed to have intended at fee simple absolute. There is certainly no

language in any part of the deed under review where the grantor expressly created a base or conditional fee in Jessie Templeton.

" 'It is a well-settled rule that conditions tending to destroy estates, such as conditions subsequent, are not favored in law. They are strictly construed. Accordingly, no provision will be interpreted to create such a condition if the language will bear any other reasonable interpretation, unless the language, used unequivocally, indicates an intention upon the part of the grantor or devisor to that effect . . .'' 19 Am. Jur. 527, Sec. 64.

"Cases cited by appellant afford little help for the solution of the question here before us, since in all those cases, without exception, express words were used to create the estate. The qualification or condition upon which the estate is to determine must be found in the instrument creating the estate. Slegel v. Lauer, 148 Pa. 236, 23 A. 996, 15 L. R. A. 547; Hanks v. Magnolia Petroleum Co., Tex. Civ. App., 14 S. W. (2d) 348; Id., Tex. Com. App., 24 S. W. (2d) 5. And these express words must be such as are clearly of limitation, as distinguished from mere words of condition. Yarbrough v. Yarbrough, 151 Tenn. 221, 269 S. W. 36.''

We think what was said there is applicable here.

█ Nor do we think any right were violated when the deed was recorded by C. L. Pratt's widow. The interests of minor children were involved. On the advice of counsel, the deed was registered. This was made necessary by the acts of the grantor, who was the mere pawn of her daughter, in undertaking to sell the fee in this land, the record title of which stood in her name.

█ We might add that the appellees moved to dismiss the appeal because the record did not show what action

was taken on certain objections made to testimony. The record indicates some objections were made by complainant. There was no marginal entry on the depositions, as authorized by Code Sec. 8968, or by bill of exceptions. We have therefore treated these objections as waived and looked to all the testimony in the record.

Affirmed, with cost.