WHITZMAN *v.* HIRSH.

(*Jackson.* April 20, 1889.)

1. COVENANTS. *Warranty of title. Measure of damages for breach. Vendee and remote warrantor.*

A conveyed to B, by warranty deed, a tract of land for $2,700. B divided it into twenty-six lots of equal value. He conveyed said lots by warranty deeds—two to C for $500, and subsequently ten others to different persons for $2,400, and the remainder to his assignee in bankruptcy. Then the entire tract was recovered by title paramount to A's. C sued A, his remote warrantor, for breach of covenant.

*Held*, That C could recover of A only two twenty-sixths of the price received by A for the entire tract, with interest from date of eviction.

Cases cited and approved: Mette *v.* Dow, 9 Lea, 93; 2 Dev., 83; 52 Iowa, 58.

2. SAME. *Same. Same. Same. Parties.*

In such case C can maintain suit against A without joining the vendees of the other lots. The covenant is divisible.

3. SAME. *Same. Same. Same. Failure of other vendees to sue.*

The measure of C's damages, in such case, is not affected by the fact that the other vendees fail to sue A, or suffer their actions to become barred.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. B. M. ESTES, Ch.

W. K. POSTON for Whitzman.

L. & E. LEHMAN for Hirsh.

32

FOLKES, J. This is a bill by a vendee against a remote warrantor to recover damages for a breach of the covenant of general warranty contained in a deed.

The cause was heard upon an agreed statement of facts, from which it appears that defendant Hirsh, on July 19, 1870, for the consideration of $2,700 then paid him, conveyed in fee, with general covenants of warranty, a certain tract of land to one Morris Kuehn; that on September 8, 1870, said Kuehn, by a duly registered plat, made a sub-division of said tract into twenty-six lots of *equal size and value*, numbering same from one to twenty-six inclusive; that on July 6, 1871, said Kuehn, for the consideration of $500, paid him by complainant, conveyed in fee, with general warranty, to the complainant, two of said lots; that afterward said Kuehn sold and conveyed, with like warranty, ten other of said lots to sundry parties at different times, for an amount aggregating $2,400, so that the twelve lots so sold and conveyed brought the sum of $2,900, leaving said Kuehn fourteen of said twenty-six lots unsold; that afterward, on February 22, 1878, said Kuehn was adjudged a bankrupt under the Act of Congress, and an assignee appointed, in whom was vested the title to all of his property and effects; that on August 2, 1882, by a decree in the Chancery Court, Wm. M. Randolph was put in possession of the entire tract of land, under a title paramount to that conveyed by Hirsh to Kuehn; that no other suit has ever been brought

against either Kuehn or Hirsh on account of the loss of title as aforesaid.

This suit was begun March 12, 1888, and the stipulation or agreed case was made August 16, 1888, the paper containing this further provision, "it is agreed that this stipulation shall be taken and considered as having been made at the date of the filing of the bill in this cause, and that the facts herein recited now exist—the intention of the parties being to preserve their respective rights —just as if the cause were tried on pleadings and facts subsequently established by proof."

The court was thereupon called to decide, "whether, if complainant is entitled to maintain the suit in his own name, and alone, against defendant (without bringing in the other vendees of other lots), the consideration money, which complainant paid Kuehn for the parts of said land which he acquired from the latter, constitutes his measure of damages against defendant, or whether complainant can only, if so entitled to maintain his suit, recover from defendant the relative value of said lots conveyed to him by Kuehn, in proportion to what they were worth on the basis of the price paid for the whole land to defendant by Kuehn."

The Chancellor adjudged that complainant could maintain the suit in his own name, and without making the vendees of the other lots parties, and rendered a decree against defendant for two twenty-sixths of $2,700, the consideration received by Hirsh

from Kuehn for the whole tract, with interest thereon from the date of the eviction, ruling that the amount of complainant's recovery should be limited to an aliquot part (in the proportion the number of lots bought by complainant bore to the whole tract sold by defendant) of the liability of Hirsh on his covenant.

From this decree the complainant appeals, assigning as error the action of the Court in limiting his recovery as above indicated.

The decree of the Chancellor is correct, and should be affirmed.

The covenant of warranty runs with the land, and is available to any one succeeding the covenantee by purchase or descent, and the action is well brought by him in whose time the breach occurs.

The evicted grantee may bring suit against the first covenantor, or against any intermediate covenantor; he may maintain separate actions against all, either at the same time or successively, and prosecute them to judgment; but he is, of course, entitled to but one satisfaction.

"The covenants are divisible, and their benefits will go to each recipient of any part or interest in the lands to which they relate, and may be sued on separately in respect of any breach as to the portion taken by him," says Mr. Sutherland, in his work on Damages, p. 295, citing authorites, among others, Dart on Vend. & P., 365, where it is said, " Where the estate is divided, as where it

becomes vested in A for life, remainder to B in fee, and the breach of covenant affects the entire inheritance, each can sue for damages proportioned to the extent of his estate."

In Am. & Eng. Ency. of L., Vol. 4, p. 568, it is said, " Where A conveyed to B, by warranty deed, a lot of land, and B conveyed by like warranty to C one-half of it, and the whole was lost by title paramount to A, the latter was held liable to C only for that proportion of the consideration paid to A which the value of his portion of the lot bore to the whole lot, and that the burden was on C to establish this value," citing *Mischke* v. *Baughn*, 52 Iowa, 58.

Mr. Sutherland says, that " where the action is brought by a remote grantee, there is some diversity as to the criterion of damages."

But it is the settled rule in this State that the basis of recovery in such case is the consideration paid by the plaintiff to his immediate grantor, with interest, but not to exceed the consideration received by the defendant as remote vendor.

Thus, in *Mette* v. *Dow,* 9 Lea, 93, A sold an undivided moity of a lot to B, his co-tenant, for $4,500, with covenants of general warranty; some years afterward B sold to C the entire lot for $3,000, with like covenants; subsequently C was evicted from the entire lot by title paramount. In an action brought by C against A the Circuit Court had rendered judgment in favor of C for

the whole $4,500, the amount of consideration in A's deed to B.

This Court reversed the action of the Circuit Court, and rendered judgment for $1,500, being one-half of the consideration paid by C to B for the whole lot. This Court saying, that "the covenant is a peculiar one, and not like an ordinary covenant for so much money. It is rather in the nature of a bond, with a fixed sum as a penalty, the recovery on which will be satisfied by the payment of the actual damages. Each vendor subject to this rule may be treated as the principal obligor to his immediate vendee, and as the surety of any subsequent vendee, to hold him harmless by reason of the failure of title, and the ultimate vendee, when evicted, is entitled to be subrogated to the rights of his immediate vendor against a remote vendor to the extent necessary to indemnify him. Such a vendee, to use the language of the North Carolina Court, sues a remote vendor on the covenant to redress his, the plaintiff's, own injuries, not the injuries of the immediate vendee of such remote vendor." *Williams* v. *Beeman*, 2 Dev., 483.

So that, where the remote vendor who was sued was a warrantor for only half of the land, though for a sum larger than the plaintiff paid for the whole, the recovery was limited to one-half of what the plaintiff would have been entitled to recover from his immediate vendor.

It follows, therefore, that if the plaintiff in the

case at bar sees fit to sue the remote vendor of the whole tract, instead of his immediate grantor, of two twenty-sixths of the whole, that his recovery should be limited to two twenty-sixths of the consideration received by such remote vendor, where there has been a failure of title as to the whole tract, thus rendering the remote vendor liable to the holders of the remaining twenty-four twenty-sixths of the land.

Our attention has not been called to, nor have we been able to find, any adjudged cases directly in point; but from the statement in the text-books, and by analogy with what has been settled, we have no hesitation in holding the decree of the Chancellor correct.

But it is earnestly insisted by counsel for complainant that, inasmuch as all other claims against Hirsh on account of his warranty are bound by the statute of limitations of six years, no suits having been brought within that period after the eviction, complainant is entitled to recover the full amount of his $500 consideration money, the same being less than the amount of defendant's consideration money. And if wrong in this contention, he claims that Kuehn, having warranted the title in all his sales, and having sold only twelve lots for $2,900, and retained the other fourteen lots, his, Kuehn's, right to resort to Hirsh's covenant would be postponed until his vendees of the twelve lots were fully satisfied, and that this complainant would therefore be entitled to recover two-twelfths of the

$2,700, or twenty-seven twenty-ninths of the $500 paid by him.

If we grant that the facts stated in the agreed case, make out a case where the other vendees are all barred, in the absence of proof that any of them are minors, or married women, or otherwise beyond the operation of the statute of limitations, the result we have reached would be the same. In an action on a breach of the covenant of warranty by one of several remote vendees, no supposed equities arise in his favor by reason of the attitude of the other vendees. Each, without regard to the other, is entitled to recover from the remote vendor the consideration paid by him to his immediate vendor, provided such recovery shall not exceed that proportion of the whole consideration received by the remote vendor which the value of the portion of the land lost by the remote vendee at the time of warranty by the remote vendor, bears to the original consideration received by the latter.

Applying this rule to the case in hand, the complainant is entitled, as the subsequent or remote vendee, to recover from the defendant only two twenty-sixths of the $2,700 received by the latter for the whole tract—the land purchased by the complainant being, as we have seen, two twenty-sixths in value of the whole tract at the time of the sale by the defendant.

The amount thus reached is $207.70, with $77.46 interest from August 2, 1882, the date of the evic-

tion, making a total of $285.16, which is less than the consideration paid by complainant to his immediate vendor.

Such being the decree of the Chancellor, it will be affirmed.

Complainant will pay the costs of this Court.