R. B. NORTH *et al. v.* O. R. BRITTAIN *et al.*\*

(*Nashville.* December Term, 1926.)

Opinion filed, March 26, 1927.

1. DEED. Breach of covenant of seizin. Measure of damages.

Damages recoverable for a total breach of the covenant of seizin
in a deed to convey real estate cannot exceed the consideration,
or the value of the land at the time of a sale as then agreed upon
by the parties, or as determined by the price paid with interest.
(Post, p. 661.)

.Citing: Curtis v. Brannon, 96 Tenn., 153; Mette v. Dow, 77 Tenn.,
93; Box Co. v. Ferguson, 124 Tenn., 433.

Citing and distinguishing: Horsford v. Wright, Kirby 3, 1 Am. Dec.
8; Gove v. Brayier, 3 Mass., 523, 3 Am. Dec. 182; Marston v.
Hobbs, 2 Mass., 433, 3 Am. Dec., 61; 24 Am. St. Rep., 257 (Note).

2. SAME. Same. Same.

The fact that land was bought for a particular purpose which was
known to the vendor, can make no difference in respect to the
rule of damages. (Post, p. 663.)

Citing: Pitcher v. Livingston, 4 John., 1, 4 Am. Dec. 229, 242; Phil-
lips v. Reichert, 17 Ind., 120, 79 Am. Dec., 463. Dimmick v. Lock-
wood, 10 Wend. 142, 155.

3. SAME. Same. Same. Stare decisis.

The law is too well settled in this State to permit a judicial change,
on the proposition that generally in a suit for a breach of the
covenants of seizin or warranty of title, the damages recovered
by the vendee cannot be augmented by an increase in the value
of the land conveyed. (Post, p. 666.)

Citing: Pitcher v. Livingston, supra, 4 Am. Dec., 229, 242; Box Co.
v. Ferguson, 124 Tenn., 433, 488. Curtis v. Brannon 98 Tenn. 153;
Mette v. Dow, 77 Tenn. 93; Box Co. v. Ferguson, 124 Tenn. 433.

---

\*On the general rule as to measure of damages for total breach of
covenant of seizin, see 7 R. C. L. 1173; 2 R. C. L. Supp., 521.

4. **Question reserved.**

Whether the profit involved in the resale of land by vendee, where title of his vendor was defective and failed, was too speculative and contingent to form the basis of a recovery in an action for damages on account of breach of a covenant of seizin contained in a conveyance of realty. (Post, p. 670.)

Citing: Fraser v. Bentel, 161 Cal., 390; 119 Pac., 509; Ann. Cases 1913-B, 1062; Blankenship v. Lanier, 212 Ala., 60, 101 So. 763.

---

*Headnotes 1. Covenants, 15 C. J., section 219; 2. Covenants, 15 C. J., sections 223, 241; 3. Covenants, 15 C. J., section 239; 4. Covenants, 15 C. J., section 223; 5. Covenants, 15 C. J., section 219.

---

FROM WILLIAMSON

---

Appeal from the Chancery Court of Williamson County.—Hon. J. C. Hobbs, Judge, ex-officio chancellor.

W. J. Smith, and Tyler Berry, for plaintiff.

R. H. Crockett and T. P. Henderson, for defendant.

Mr. Justice Swiggart delivered the opinion of the Court.

The appeal in this cause is by the complainants from a decree of the chancery court of Williamson county denying to the complainants part of the damages claimed by them on account of the defendants' breach of a covenant of seizin contained in a conveyance of real estate.

The cause was heard by the chancellor upon the pleadings and a stipulation of facts, and the appeal is directly to this court from the chancery court.

The title of the defendants (vendors) to the real es-tate in question was defective by reason of an outstand-ing contingent remainder interest in the children of a life tenant from whom the defendants acquired title. North and wife purchased the land from the defendants for a cash consideration of $10,000, and within a few months of their purchase sold it to one Smithson for $13,000. Smithson successfully asserted the breach of the covenant of seizin in an action in which the present com-plainants and defendants were parties, and recovered the purchase price, with interest, etc., all of which appears in a memorandum opinion filed by this court at the De-cember term, 1922, in the case of *R. B. North et al.* v. *Elmer H. Smithson.*

In the present action the defendants tendered and paid into court a sum of money sufficient to meet all the de-mands of the complainants, except the claim of the com-plainants that they were entitled to recover of the de-fendants damages to compensate them for the loss of the profit of $3000, which they had earned in their sale to Smithson, but which was lost to them by reason of the defect in the title.

The chancellor denied this item of damage, and it is to review this action of the chancellor that the cause has been brought to this court.

The answer of the defendants asserted that the com-plainants had purchased the land for speculation, or for resale on a rising market, and the decree of the chancel-lor so found; but we do not find in the bill of the com-plainants, nor in the answer of the defendants, a state-ment that the defendants, at the time of their sale and conveyance to the complainants, knew that the com-

plainants were purchasing the land for speculation or resale. There is nothing in the stipulation of facts on this point. There is no averment that the defendants were guilty of fraud or deceit in the sale to the complainants; and there is no averment or stipulation that the land in question had increased in value during the time it was held by the complainants to the extent of $3000, nor that the agreed purchase price in the conveyance from North and wife to Smithson represented the actual value of the land at the time of that conveyance. It is argued, however, on the brief of the complainants, that the agreed purchase price in the conveyance from North to Smithson supports the inference that it represented the actual value of the land at that time, and that, in the absence of evidence to the contrary, such inference is conclusive.

The complainants' principal contention is that it was within the contemplation of the parties that complainants were purchasing the land with a view of selling it at a profit; that the profit which complainants earned in their subsequent sale to Smithson was within the contemplation of the parties, and should, therefore, be included in the damages to which the complainants are entitled on account of the breach of the covenant of seizin. Complainants cite in support of this contention the following: *Tenn. Fertilizer Co.* v. *Int. Agr. Corp.*, 146 Tenn., 464; *Chisholm & Moore Mfg. Co.* v. *U. S. Canopy Co.*, 111 Tenn., 211; *Griffin* v. *Colver*, 16 N. Y., 489, 69 Am. Dec., 718; *Reese* v. *Miles*, 99 Tenn., 398. None of these authorities deal with the measure of damages to be awarded on a breach of covenant contained in a conveyance of real estate.

The rule is firmly established in all of the states, so far as we have been able to ascertain, that damages recoverable for a total breach of the covenant of seizin in a deed to real estate cannot exceed the consideration, or the value of the land at the time of the sale as then agreed upon by the parties, or as determined by the price paid, with interest. In Massachusetts, Vermont and Connecticut the measure of damages for a breach of a covenant to warrant and defend a title, upon eviction, is extended so as to include the value of the land at the date of eviction, but even in these states when the suit is for a breach of the covenant of seizin, the value of the land at the date of the conveyance containing the covenant is the measure of damages. *Horsford* v. *Wright,* Kirby, 3, 1 Am. Dec., 8; *Gore* v. *Brazier,* 3 Mass., 523, 3 Am. Dec. 182; *Marston* v. *Hobbs,* 2 Mass., 433, 3 Am. Dec., 61; 24 Am. St. Rep., 267 (Note).

In this State we do not find that the court has made any distinction between the measure of damages to be recovered on a breach of the two covenants above mentioned. In each case the rule here followed is that the vendee cannot augment his recovery by showing a rise in value, whether from a general increase in the market price of lands, or from improvements placed upon the lands by the vendee or his successors in title. *Curtis* v. *Brannon,* 98 Tenn., 153; *Mette* v. *Dow,* 77 Tenn., 93; *Box Co.* v. *Ferguson,* 124 Tenn., 433. The earlier cases in Tennessee are reviewed in the three cases cited.

The underlying facts giving rise to the cause of action herein are the same as those supporting the action in *Curtis* v. *Brannon,* 98 Tenn., 153. There the court said that if the vendee had brought his suit at law the mea-

sure of his damages would have been the difference in value between the life estate which he acquired by his deed and the fee for which he had contracted, citing *Recohs* v. *Younglove,* 67 Tenn. (8 Bax.), 385. The case having been brought in equity the court treated it as seeking relief "akin to' rescission," which required the court "to put the parties as nearly *in statu quo* as possible." The complainant seeking rescission under the principles of equity, when he would have only been entitled to partial damages in a suit at law, was required to do equity in order that the *statu quo* might be re-established as nearly as possible. The case was not intended to modify the general rules fixing the measure of damages in a suit on covenants contained in a deed to real estate, but these rules in the particular case were subordinated to equitable considerations. The vendor was required to account to the vendee for the taxes paid and the improvements placed upon the land by the vendee because, as a result of the suit, the vendor, lawfully seized of a life estate, received the benefit of the taxes paid and the improvements constructed.

It is obvious that the rules of equity upon which the vendee was accorded relief in *Curtis* v. *Brannon,* cannot operate to support the claim of the complainants in the present cause for profits lost by reason of the failure of title. Such profits do not in any way inure to the benefit of the defendants as the vendors of the complainants.

We regard the law too well settled in Tennessee to permit of judicial change, on the proposition that generally in a suit for a breach of the covenants of seizin or warranty of title, the damages recovered by the vendee

cannot be augmented by an increase in the value of the land conveyed.

Quoting from the opinion of Chancellor KENT (then Chief Justice) in *Pitcher* v. *Livingston*, 4 John., 1, 4 Am. Dec., 229, 242: "On a subject of such general concern, and of such momentous interest as the usual covenants in a conveyance of land, the standard for the computation of damages upon a failure of title (whatever that standard may be), ought, at least, to be certain and notorious. The seller and the purchaser are equally interested in having the rule fixed."

This court has also manifested a reluctance "to enlarge the measure of damages in suits of this character." *Box Co.* v. *Ferguson*, 124 Tenn., 433, 488.

Complainants, however, seek to escape the established rule as to the measure of damages by showing that the sale at a profit was within the contemplation of the parties as vendor and vendee at the time the deed containing the covenant was executed, and that, under the general rules applicable to breaches of contract in general, the lost profit shown in this cause should be awarded complainants as an element of their damage.

Conceding the facts stated in this contention, the liability of the defendants for the lost profit must arise out of the covenant of seizin, if at all. At the time the covenant was made the responsibility of the vendor thereunder was fixed and definite, and we must assume that he entered into the covenant with the established rules of law in mind.

The same contentions, in effect, which are urged by the complainants in support of their cause, were made in the early history of this country, for the extension of the

liability of the vendor under a covenant of seizin to include the enhancement in the value of real estate, both by reason of improvements and an increase in value of the land itself.

Responding to such an argument the opinion of Chief Justice KENT in *Pitcher* v. *Livingston,* 4 John., 1, 4 Am. Dec., 242, contains the following:

"I agree that the contract is to be construed according to the intention of the parties; but I consider that the intention of the covenant of seizin, as uniformly expounded in the English law, is only to indemnify the grantee for the consideration paid. This was the settled rule at common law, upon the ancient warranty, of which this covenant of seizin is one of the substitutes; and all the reasons of policy which prevent the extension of the covenant to the increased value of the land, apply equally, if not more strongly, to prevent its extension to improvements made by the purchaser."

A similar contention to that here advanced was made in the case of *Phillips* v. *Reichert,* 17 Ind., 120, 79 Am. Dec., 463, to which the Supreme Court of Indiana responded as follows:

"But it is claimed that inasmuch as the lot was purchased for a particular purpose, which was known to the vendor, and as the failure of title to a part renders the premises useless for that purpose, the case is taken out of the rule indicated. The counsel for the appellee admits that there are no authorities directly sustaining the position thus assumed. We have looked, within a limited range, for authorities upon this point, but find none. The absence of authority sustaining the position is some evidence, at least, that such is not the law. An

analogy is sought to be drawn from the rule that where goods are ordered from a manufacturer for a particular purpose, there is an implied warranty that they shall be fit for the purpose designed. Such warranty may well be implied, and yet furnish no analogy for settling the rule of damages on a breach of the express warranty of title contained in the covenants of a deed.

"We think, in principle, the fact that land was bought for a particular purpose, which was known to the vendor, can make no difference in respect to the rule of damages, for a breach of the covenants. The purpose for which the land was bought, does not enter into the covenants. They bind the covenantor, that he is seized of the land, and that he will warrant and defend the title, or in default thereof, that he will return the purchase money and interest; or, if the title fail in part, that he will return a ratable proportion of the purchase money and interest. The fact that the land was bought for a particular purpose, cannot have the effect of increasing the liability thus imposed by the covenants. If the land was sold in good faith, and without fraud, the vendor supposing he had title to the whole, no reason is perceived why he should be held to a greater degree of liability on his covenants, than if he had not known the purpose to which the purchaser intended to apply it. In the case of *Dimmick* v. *Lockwood,* 10 Wend., 142, 155, it was said by the court, 'One ground assumed by KENT, when chief justice, in *Staats* v. *Ten Eyck,* and also by Chief Justice TILGHMAN, in *Bender* v. *Fromberger,* is this: "that the title of land rests as much in the knowledge of the purchaser as the seller; it depends upon writings, which both can examine." Again, "it is agreed on all hands,

that if fraud can be shown, or concealment, which would be evidence of it, that would constitute a good ground of action, in which the purchaser could recover all his damages." ' "

We have found no case in conflict with the conclusions stated in the foregoing quotation from *Phillips* v. *Reichert,* and we agree with the statement in that case that "The purpose for which the land was bought, does not enter into the covenants." The meaning and effect of the usual covenants of seizin and warranty in a conveyance of real estate have become too well settled and fixed to permit variations in particular cases according to the purposes and intent of the parties in making the sale and purchase.

We have reached our conclusion that the chancellor was correct in his decree, without determining whether the profit involved in the re-sale of the land by North to Smithson was too speculative and contingent to form the basis of a recovery in this cause. The holdings in *Fraser* v. *Bentel,* 161 Cal., 390, 119 Pac., 509, Ann. Cas. 1913 B, 1062, and in *Blankenship* v. *Lanier,* 212 Ala., 60, 101 So., 763, seem to refute the contention of the complainants that the damage here claimed could be held to have been within the contemplation of the complainants and defendants at the time the land was purchased by complainants.

Having found that the complainants were not entitled to any relief other than that admitted by the defendants in their answer and cross-bill, the chancellor dismissed the original bill of the complainants in the decree from which the appeal was granted to this court. We think the decree should be modified so as to sustain the origi-

nal bill to the extent admitted by the defendants, and that a proper decree should be entered thereon in the lower court awarding the complainants the relief prayed, except as to the item involved on the appeal. With this modification, the decree of the chancellor will be affirmed, and the cause remanded for further proceedings and decrees not inconsistent herewith.