**VIRGINIA T. LOUCKS, Appellant**

v.

**RICHARD ELLINGTON, Appellee**

No. 73-1042

United States Court of Appeals

Third Circuit

Argued at Charlotte Amalie December 4, 1973

Filed January 28, 1974

WILLIAM A. PALLME, ESQ. (PALLME & ANDUZE), St. Thomas, V.I., *for appellant*

RICHARD E. GRUNERT, ESQ. (GRUNERT, STOUT, HYMES & MAYER), St. Thomas, V.I., *for appellee*

Before SEITZ, *Chief Judge* and MARIS and GIBBONS, *Circuit Judges*

### OPINION OF THE COURT

By MARIS, *Circuit Judge*

This is an action in which the plaintiff originally sought specific performance of the covenant for further assurance of title contained in a deed dated May 19, 1961 from the defendant and his wife to the plaintiff and her husband (since deceased), which conveyed a lot of land in the town of Cruz Bay, St. John, upon which the plaintiff and her husband later erected a dwelling house. It subsequently became clear that specific performance was impossible and the action thereupon proceeded for damages for breach of that covenant and of the covenants of seisin and warranty of title.

It appeared that the defendant had included in the conveyance a 60 feet wide parcel of land which belonged to the Government of the Virgin Islands. This parcel of land lies at the northern end of the land conveyed, between the portion which was owned by the defendant and a public road to the north and the beach and shoreline beyond. At the time of the conveyance of 1961 this northern 60 feet wide parcel of land was subject to an easement of access to the public road and the beach which had been granted in a deed dated July 26, 1944 from the Municipality of St.

134

Thomas and St. John to the defendant's predecessors in title for the benefit of the land conveyed by that deed. The land conveyed by the defendant and his wife to the plaintiff and her husband in 1961 was that part of the land thus conveyed in 1944 which abuts on the northern 60 feet wide parcel of land involved in the present controversy. The land of the plaintiff and her husband was, therefore, entitled to the enjoyment of the easement over that parcel of land which had been granted by deed of July 26, 1944. It also appeared that this northern 60 feet wide parcel of land was subject to an additional overlapping easement of undefined extent granted by the Government of the Virgin Islands to the owners of the property adjoining the plaintiff's lot on the east to connect their existing driveway with the public road.

It thus appears that by the conveyance of 1961 the plaintiff and her husband did not receive title to the northern 60 feet wide parcel of land adjacent to the public road which purported to be included in the conveyance of 1961 to them, but merely an easement of passage over it to the road and the beach beyond, the enjoyment of which was subject, at least in part, to an overlapping easement owned by their neighbor to the east. The defendant, after the bringing of this suit, succeeded in obtaining for the plaintiff a deed from the Government conveying title to her to a triangular portion of the parcel in question lying south of a retaining wall and adjoining her other land, but subject to the same two easements of access to the public road. Upon this showing the defendant did not contest the fact of breach of the covenants of title and the case was tried on the question of damages. The district court held that damages for a breach of covenants of title may not be recovered in excess of the purchase price of the land without regard to any subsequent improvements or increase in market value, that where only a portion of the conveyance is in-

valid, the damages must be apportioned to reflect the relative value of the portion lost to the price, and that where, as here, an easement is involved the damages constitute the difference in value with and without the defect, determined as of the time of conveyance. Applying this measure of damages the court entered judgment for the plaintiff in the sum of $1,000.00 with interest from the date of conveyance, together with costs and an attorney's fee. The plaintiff thereupon took the present appeal.

On this appeal the sole question presented by the plaintiff is as to the proper measure of damages. She strongly urges that the district court erred in the measure of damages which it applied. While not denying that the measure of damages which was applied by the court is supported by the great weight of authority in the United States, she urges that it is illogical and unjust and that the measure of damages which is applied in the case of the breach of an ordinary contract should be applied in the case of the breach of the covenants of seisin, warranty of title and further assurances contained in a deed of conveyance of land. We cannot agree. While there may be a certain logic to the plaintiff's position, the contrary rule as to the measure of damages for the breach of such covenants is firmly settled in American jurisprudence. *Griffin v. Reynolds*, 1855, 17 How. (U.S.) 609; *Campbell v. Gallentine*, 1927, 115 Neb. 789, 215 N.W. 111, 61 A.L.R. 1; *North v. Brittain*, 1927, 154 Tenn. 661, 291 S.W. 1071, 61 A.L.R. 6; *Burton v. Price*, 1932, 105 Fla. 544, 141 So. 728; *Reed v. Rustin*, 1965, 375 Mich. 531, 134 N.W.2d 767; 6 Powell, Real Property, 1973 ed., §§ 904 et seq.; 20 Am. Jur. 2d, Covenants, Conditions, and Restrictions, §§ 133, 134, 144 145; 21 C.J.S. Covenants, § 142 (d) ; Annotations 61 A.L.R. 10, 24, 89–91; 100 A.L.R. 1194. The prevailing rule which is applicable to the present case is well stated in 20 Am.

Jur. 2d, Covenants, Conditions, and Restrictions, under the heading "Partial Breach", as follows:

§ 144. Generally.

"As a general rule, where the title is invalid as to a part of the land conveyed, resulting in a loss of this portion of the land, the damages recoverable for the breach of a covenant of title contained in the conveyance are to be measured by the loss actually sustained by the eviction of the grantee from that part of the land as to which the title is invalid. The usual means resorted to in ascertaining the amount of damages is to award such proportion of the whole consideration as the value of that part of the land as to which the title failed bore to the value of the whole tract at the time the transaction was consummated. Thus, in the case of a partial breach of a covenant of warranty by reason of a failure of title to a portion of the estate conveyed resulting in eviction from that portion of the premises, the measure of damages is the relative value which the part as to which the title failed bears to the purchase price or consideration of the whole estate. A similar rule applies where the action is based upon the covenant of seisin or right to convey; in such case the covenantee recovers pro tanto only. The application of these rules is subject, however, to proof by the parties that the part lost was of greater or less value because of peculiar advantages or disadvantages.

"If an encumbrance or defect amounts to less than total failure of title, the measure of damages for breach of a covenant of title is diminished value of the title conveyed, on account of such encumbrance or defect. That is, the grantee is entitled to recover the difference between the value of the whole tract, if the title were good, and its value as depreciated by the encumbrance, not, however, to exceed the purchase price of the whole tract, with interest thereon. This is an application of the rule of damages that if one is bound to warrant, he warrants the entirety; but he shall render value only for that which was lost.

"In estimating the extent of damages for breach of a covenant of title based on a partial failure of title, the value of the land at the time of the conveyance forms the basis for computing the proportionate part of the consideration. But the loss is to be based upon the purchase price of the land, and the fact that the land was actually worth much more, or less, than the purchase price cannot be taken into consideration. If the sale was for a gross sum without

137

any specific valuation on any particular tract, then the deduction must be in proportion to the relative value, when taken in connection with the entire tract."

The cases cited by the plaintiff in support of her contention are distinguishable since they involve breaches of ordinary contracts and not covenants of title. Perhaps the closest of these cases is Sandler v. N.J. Realty Title Ins. Co., 1962, 36 N.J. 471, 178 A.2d 1, a suit upon a title insurance policy for damages suffered by reason of a defect in the insured title. In that case, however, the suit was against the insurer for breach of the title insurance contract not against the grantor for breach of a covenant of title, and the court quite properly held the measure of damages for the breach of an ordinary contract to be applicable.

Under 1 V.I.C. § 4 we are obligated to apply as the rule of decision in the Virgin Islands the rules of the common law as generally understood and applied in the United States, and where restated in the Restatement of the American Law Institute, as stated therein. Since the Restatements of the American Law Institute have not dealt with this question we are required to follow and apply the rule as to the measure of damages generally applied in the United States in such cases. This, as we have seen, is the rule that was applied by the district court in the present case. The plaintiff urges that since damages have been awarded for breach of the covenant for further assurances in lieu of the equitable remedy of specific performance, those damages should be computed as of the time specific performance would have been decreed rather than as of the time of conveyance. However, we see no basis for engrafting such an exception onto the general rule as to the measure of damages which is applicable here.

We note that the defendant, while in agreement with the measure of damages applied by the district court, urges

upon us that the damages actually awarded are excessive. However, since the defendant did not appeal we do not consider this contention.

The judgment of the district court will be affirmed.