Charles G. KING, James A. King and Charles R. King, Plaintiffs-Appellees,

v.

Albert L. ANDERSON, Imogene Anderson, Dale Solmon, and Virginia Solmon, Defendants and Third Party Plaintiffs-Appellants,

v.

HENRY COUNTY INVESTMENT CORPORATION, Third Party Defendant-Appellant.

Court of Appeals of Tennessee, Western Section.

Dec. 10, 1980.

Permission to Appeal Denied by Supreme Court June 29, 1981.

Julian P. Guinn, Paris, for defendants-third party plaintiffs-appellants.

Marvin P. Morton, Jr., Paris, for third party defendant-appellant.

Lee M. Greer, Paris, for plaintiffs-appellees.

## OPINION

WILLIAM S. RUSSELL, Special Judge.

This is an appeal from a judgment of the Chancery Court of Henry County, awarding plaintiffs a judgment against the defendants in the amount of $6,635.71; and defendants-third party plaintiffs were awarded a judgment over against the third-party defendant in the same amount of $6,635.71, both judgments being for damages for breach of covenants of title to certain real property. Both defendants and the third-party defendants appeal the judgment of the Court below, claiming error by that Court. We will refer to the parties as they appeared in the Court below.

By deed dated February 11, 1977, plaintiffs Charles G. King, James A. King, and Charles R. King purchased from the defendants, Mr. and Mrs. Dale Solmon and Mr. and Mrs. Albert Anderson, a tract of land located on the south side of U. S. Highway 79 in Henry County, containing 3 acres more or less. The consideration for the purchase was $16,000. The deed by which defendants conveyed this tract to plaintiffs was a general warranty deed, containing the usual covenants of title, including the covenants of warranty and seisin. The description of the property in the deed shows that the tract contained 3 acres more or less, and was made according to a survey by H. Gordon Higgs, a registered land surveyor, dated February 8, 1977. Such survey shows a highway right of way extending 33 feet from the centerline of the highway, and extending the entire highway frontage of such 3 acre tract.

The Solmons and Andersons had acquired the same 3 acre tract by deed dated February 10, 1977, and by a deed of correction dated October 30, 1978. Defendants' grantor in such deed was the Henry County Investment Corporation, the third-party defendant. The consideration for defendants' purchase was $15,000. The deed from the Henry County Investment Corporation was a general warranty deed, containing the usual covenants of title, including the covenants of warranty and seisin. Such deed described the tract as containing 3 acres, more or less, and was made according to a survey by H. Gordon Higgs, registered land surveyor, dated February 8, 1977. Such survey showed a highway right of way of 33 feet from the centerline of the highway extending the entire highway frontage of the tract. In other words, the descriptions in both deeds were the same.

After the Kings had purchased the 3 acre tract from the defendants, the Kings had over $12,000 worth of fill work done on the property, and had a building erected on the site. The fill work was done on the front portion of the property leading off the highway, and was necessitated by the nature of the property and in order to have a driveway off the highway leading to the building. After the construction of the building, the plaintiffs sold a portion of the 3 acre tract consisting mainly of the building itself, but retained the remainder of the tract, including the frontage along the highway. In the process of selling off the portion of the tract, the plaintiffs had a survey of the tract done. During the course of the survey, the surveyor discovered two old deeds which showed that the highway right of way was 100 feet wide from the centerline of the highway, extending the entire frontage of plaintiffs' tract. The first such deed was a highway deed from J. E. Lamb and wife to Henry County, dated December 13, 1929, and which was recorded in the Highway Deed Book in the Register's Office of Henry County. The Lambs were predecessors in title to all the parties in this action. This deed conveyed a strip of land 600 feet wide, extending 300 feet on each side of the centerline of the highway. The second such deed was a deed from Henry County to the Lambs, dated December 20, 1945, and recorded in the deed books of Henry County. Such deed conveyed back to the Lambs a strip of land on each side of the highway, consisting of a

200 feet wide strip, which was part of the right of way conveyed by the 1929 deed.

The net effect of the 1929 deed and the 1945 deed was to keep intact the highway right of way 100 feet wide from the centerline of that highway on each side of such highway, extending the entire frontage of the Lamb property. Thus, according to the 1929 deed and the 1945 deed, there was a highway right of way 100 feet wide from the centerline of the highway, extending the entire frontage of plaintiffs' property, instead of one only 33 feet wide.

After learning of the existence of the 100 feet wide highway right of way, the plaintiffs brought suit in the Chancery Court of Henry County against their grantors, Mr. and Mrs. Anderson and Mr. and Mrs. Solmon, the defendants. Such suit sought damages for the breach of the covenants of title contained in the warranty deed given by the Andersons and Solmons. Plaintiffs sought to recover for the deficiency of approximately .58 acres resulting from the increased width of the highway right of way, and for expenses incurred in doing fill work on that portion of the property which was purportedly conveyed by the defendants, but which was included in the 100 foot highway right of way.

Thereafter, defendants brought a third-party action against their grantor, the Henry County Investment Corporation, the third-party defendant below, based upon breach of the covenants of title contained in the deed from the corporation.

Subsequently, the defendant-third-party plaintiffs filed a motion for summary judgment against the Henry County Investment Corporation. Such motion for summary judgment raised expressly only the issue of liability on the part of the Henry County Investment Corporation. Although the plaintiffs and defendants both argue in their briefs that the summary judgment motion was granted by agreement, both as to liability and the amount of damages, our review of the record does not bear this out. The sole reference to any disposition of this motion in the technical record appears in the final judgment of the lower court which recites in the opening paragraph that the cause came to be heard upon, among other things, the motion for summary judgment, and the granting of such motion by agreement. Such final judgment was signed by counsel for all parties. Since the third-party defendant raises certain issues here on appeal based upon the scope of any grant of the motion for summary judgment, it is necessary for this Court to determine the scope of any such agreement by the parties regarding such motion.

The record from the court below is insufficient to allow us to confidently determine such question. Based upon the transcript of the trial of this cause, the response of the third-party defendant to the motion for summary judgment, and upon the fact, as discussed above, that the final judgment contained a recital as to the granting of the summary judgment and was signed by the attorney for the third-party defendant, we conclude that there was such an agreement regarding the granting of the motion for summary judgment against the third-party defendant, but that such agreement extended only to the issue of liability and was not dispositive as to the issue of the amount of damages for which the third-party defendant, the Henry County Investment Corporation, may have been liable to the defendants as third-party plaintiffs.

Upon the trial of this cause, plaintiffs were awarded a judgment against defendants of $3,076.21 for the land deficiency, $3,313.50 for incidental damages relating to the fill work done on the portion of the tract included within the right of way, and $246.00 for pre-judgment interest. Defendants, as third-party plaintiffs were awarded a like judgment against the third-party defendant, the Investment Corporation.

Both the defendants—third party plaintiffs, the Solmons and Andersons, and the third-party defendant, the Investment Corporation, have properly perfected appeals to this court. However, the defendants have, in essence, failed to raise any issues on appeal, rather, as stated in their brief, the defendants perfected the appeal to this Court in order to preserve the purported

agreement as to the granting of the summary judgment motion against the third-party defendant, the Investment Corporation.

The third-party defendant, the Investment Corporation, has raised six issues on appeal. Basically, the issues raised can be separated into two questions: whether the court below erred in determining that there was a deficiency in the land conveyed by the Investment Corporation to the defendants, the Solmons and Andersons, and from them to the Kings; and second, whether the court below erred in the determination of damages for breach of covenants of title. We will discuss each set of issues raised.

The third-party defendant, the Investment Corporation, claims first that the court below erred in determining that there was a breach of the covenants of title contained in the warranty deed given by the Investment Corporation to the defendants, and in the warranty deed given by the defendants to the plaintiffs. The Investment Corporation asserts three grounds for its claim that there was no deficiency in acreage in either deed: first, that neither deed expressly contained a description of the tract as beginning at a point 33 feet from the centerline of the highway; second, that both the State and the County had abandoned any right of way extending beyond a 33 feet right of way; and third, that there could be no deficiency since the Investment Corporation owned land behind the three acre tract, and was ready to convey a portion of that to make up for that part of the tract that may have been included within the 100 feet right of way.

We find no merit in any of these contentions.

■ The fact that the Investment Corporation owned property behind the tract in question, and was ready to convey a portion of it to compensate for any increased right of way is simply irrelevant in a suit based upon breach of covenants of title contained in a warranty deed, since such a suit is based upon the property which was the subject of conveyance.

As to the Investment Corporation's contentions that the deed description of the property did not state a 33 foot right of way, and that the County had abandoned a portion of the right of way conveyed by virtue of the 1929 and 1945 deeds, we find that the Investment Corporation has not met its burden of proof on appeal.

■ This case, being tried in a court of record without a jury, comes to this Court for a *de novo* hearing based upon the record, and is accompanied by a presumption of the correctness of the judgment of the trial court, unless the preponderance of the evidence is to the contrary. T.C.A. 27–303; *Yearwood & Johnson Architects v. Langford*, 589 S.W.2d 378 (Tenn.App.1979, cert. den. 1979).

■ After a careful review of the record in this cause, we find that the evidence does not preponderate against the judgment of the court below regarding the description of the property contained in both deeds, and regarding the claim of abandonment of the right of way by the County or the State of Tennessee. We therefore find that the court below did not err in determining that as to both the defendants and third-party defendant there was a deficiency in the land conveyed by the Investment Corporation to the defendants and by the defendants to the plaintiffs, and that therefore there was a breach of the covenants of title contained in each such warranty deed.

We next address third-party defendant's second set of issues, relating to the lower court's determination of damages.

The third-party defendant, the Investment Corporation, contends first that the trial court erred in awarding any damages for breach of covenants of title, based on the assertion that there can be no recovery for breach of the covenant of warranty of title, since plaintiffs failed to show actual or constructive eviction. In its brief, the Investment Corporation sets out the distinction between the covenant of seisin, which is a personal covenant and runs only to the immediate grantee, and the covenant of warranty of title, which covenant runs with

the land and in favor of a remote grantee. The Investment Corporation argues that a breach of the covenant of seisin contained in its deed to the defendants would not support a judgment against the Investment Corporation in favor of the plaintiffs, since such covenant would not run in favor of the plaintiffs as remote grantees of the Investment Corporation. It next argues that although a breach of the covenant of warranty of title would support a judgment against the Investment Corporation in favor of plaintiffs as remote grantees, there was no showing of such a breach of the covenant of warranty of title, absent a showing by the plaintiffs of eviction, either actual or constructive.

 We find no merit in this contention of the third-party defendant for two reasons. In its brief, the Investment Corporation has correctly set out the distinction between the covenant of seisin and the covenant of warranty of title. A covenant of warranty of title runs with the land, in favor of remote grantees. In the absence of fraud, suit cannot be brought for breach of such covenant unless the grantee has been subject to eviction. On the other hand, a covenant of seisin is a personal covenant, and if breached, is breached at the time of the conveyance regardless of eviction of the grantee. *Thompson v. Thomas*, 499 S.W.2d 901 (Tenn.App.1973, cert. den. 1973).

However, in this case, even if the judgment of the lower court was based upon a breach of the covenant of seisin, the judgment in favor of plaintiffs was awarded against the defendants, and not against the third-party defendants. The judgment awarded against the third-party defendant was in favor of the defendants as third-party plaintiffs. Even if plaintiffs' suit was based upon a breach of the covenant of seisin, and a third party action may have been inappropriate, the Investment Corporation did not contest the validity of the third party action below, and the parties are before the court as though the defendants had maintained an independent action against the Investment Corporation, and

the two suits had been consolidated for trial.

Secondly, there is authority for the proposition that where, as here, title to a portion of the property purportedly conveyed lies in a governmental entity, such as Henry County here, such fact amounts to a constructive eviction that supports a finding of a breach of the covenant of warranty of title. 20 *Am.Jur.2d*, Covenants, Conditions and Restrictions, § 59.

 We therefore find this contention to be without merit and find that the trial court did not err in awarding damages for breach of the covenants of title contained in the deeds given by the defendants and by the third-party defendant.

The last two issues raised by the third-party defendant, the Investment Corporation, challenge the determination of the amount of damages by the court below.

The Chancellor awarded damages for the deficiency in the land conveyed to both the plaintiffs and the defendants as third-party plaintiffs, determined pro-rata, based upon the 3 acres purportedly conveyed and a consideration of $16,000. The Investment Corporation argues that the lower court erred in awarding damages to the defendants—third-party plaintiffs calculated pro-rata on a $16,000 consideration, since the consideration paid by the defendants to the Investment Corporation was only $15,000, and that therefore any damages for shortage should be calculated on the consideration received by their grantor, the Investment Corporation.

We find that the trial court erred in calculating the damages awarded to defendants as third-party plaintiffs against the third-party defendant *pro-rata* based upon a consideration of $16,000.

 The general rule as to the measure of damages for breach of covenants of title is that such damages are based upon the consideration received by the grantor. *Curtis v. Brannon*, 98 Tenn. 153, 38 S.W. 1073 (1896); *Kincaid v. Brittain*, 37 Tenn. 119 (1857). Where the breach of such covenants of title is only a partial breach, then

damages are computed pro-rata for such deficiency of land conveyed, based upon the consideration received by the grantor. *Mengel Box Company v. Ferguson*, 124 Tenn. 433, 137 S.W. 101 (1911); *Whitzman v. Hirsh*, 87 Tenn. 513, 11 S.W. 421 (1889).

In this case, the trial court properly calculated the damages for the deficiency in the land conveyed as between the plaintiffs and defendants, computed pro-rata upon the consideration of $16,000 received by the defendants. That portion of the judgment of the trial court awarding plaintiffs damages against the defendants in the amount of $3,076.21 for the deficiency is therefore affirmed.

However, the damages awarded to the defendants as third party plaintiffs against the third-party defendant for deficiency in the land conveyed should have been determined pro-rata upon the amount of consideration received by the Investment Corporation, $15,000. That portion of the judgment of the trial court awarding defendants as third-party plaintiffs damages in the amount of $3,076.21 against the third-party defendant is reversed and remanded to the trial court for redetermination of the damages for the deficiency of land conveyed by the third-party defendant based upon the consideration of $15,000 received by the third-party defendant.

The final issue raised by the third-party defendant challenges the appropriateness of the trial court's award of incidental damages in the amount of $3,313.50 against both the defendants and the third-party defendant, which figure represents that portion of the expense of the fill work done by the plaintiffs on the property included in the deed descriptions, but which was included in the increased width of the highway right of way.

The general rule in Tennessee is that the damages that a grantee can recover for breach of title covenants in a deed are limited to the consideration paid for the land, and that such grantee cannot recover for the value of improvements placed upon the land conveyed. *North v. Brittain*, 154 Tenn. 661, 291 S.W. 1071 (1926); *Curtis v. Brannon*, 98 Tenn. 153, 38 S.W. 1073 (1896).

Although the lower court awarded damages for the fill work done by the plaintiffs and described such award as incidental damages, we find that the fill work on the property done by the plaintiffs was an improvement to the property purchased by plaintiffs. Thus, the portion of the expense of the fill work done on the part of the property included in the increased width of the highway right of way represents the value of improvements placed upon the property and is therefore not a proper element of damages in a suit for breach of covenants of title contained in a deed. We therefore reverse that portion of the judgment of the trial court which awarded incidental damages against the third-party defendant and in favor of the defendants as third-party plaintiffs. We also note that the fill work done upon the unused right of way benefitted the subject property actually conveyed and apparently was necessary to gain better access to the highway to and from the property sold and developed as a market.

Although the defendants themselves did not raise expressly the issue of the appropriateness of the award of incidental damages against them in favor of the plaintiffs, we find that that issue can properly be considered by this Court by virtue of Tennessee Rules of Appellate Procedure Rule 13(b). We therefore reverse that portion of the judgment of the court below awarding incidental damages in the amount $3,313.50 against the defendants in favor of the plaintiffs.

We therefore affirm the judgment of the trial court awarding damages in the amount of $3,076.21 for the deficiency in the land conveyed in favor of plaintiffs against the defendants. We reverse that portion of the judgment of the trial court awarding incidental damages in favor of plaintiffs against the defendants. We reverse that portion of the judgment of the trial court awarding incidental damages in favor of defendants as third-party plaintiffs against the third-party defendant. We re-

verse and remand to the court below for proceedings not inconsistent with this opinion that portion of the judgment of the trial court awarding damages for deficiency in the land conveyed in favor of defendants as third-party plaintiffs against the third-party defendant.

Although none of the parties have challenged the manner in which the trial court determined pre-judgment interest on the damages awards, our holding in this case will necessitate a recalculation of such award of pre-judgment interest. Therefore, we reverse and remand for proceedings not inconsistent with this opinion those portions of the judgment of the trial court awarding pre-judgment interest in favor of both the plaintiffs and defendants as third-party plaintiffs.

The costs of this appeal are adjudged equally against plaintiffs, defendants, and third-party defendant, for which execution may issue if necessary.

SUMMERS, J., concurs.

Note: Judge WATKINS EWELL participated in the hearing of this case, but passed away before this Opinion was drafted.